# FORM FOR USE IN APPLICATIONS
# FOR HABEAS CORPUS UNDER 28 U.S.C. † 2254

RECEIVED

Name: Johnny C. Grace Jr

2005 JUL -7 A 9: 28

Prison Number: 227106

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

Place of Confinement: Ventress Correctional Facility
P.O. Box 767 Clayton AL 36016

United States District Court __Middle__ District of __Alabama__

Case No. __1:05cv634-F__
(To be supplied by Clerk of U. S. District Court)

__Johnny C. Grace Jr__, PETITIONER
(Full Name)   (Include name under which you were convicted)

__Warden J.C. Giles__, RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF __Alabama__

__Troy King__, ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgement which imposed a sentence to be served in the <u>future</u>, petitioner must fill in the name of the state where the judgment was entered.  If petitioner has a sentence to be served in the <u>future</u> under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN
STATE CUSTODY

INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury.  Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

N955

The Judicial Conference of the United States has adopted, effective 1/1/83, the 8½ x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(2) Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition if fully completed, <u>the original and two copies * must be mailed to the Clerk of the United States District Court whose address is:</u>

P.O. Box 711
Montgomery, Alabama 36101

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

*If you are proceeding <u>in forma pauperis</u>, only the original petition needs to be filed with the Court.

PETITION

1. Name and location of court which entered the judgment of conviction under attack _Henry County_

2. Date of judgment of conviction _11-22-2002_

3. Length of sentence _99 years_ Sentencing Judge _L. Little_

4. Nature of offense or offenses for which you were convicted: __1st__
   _Degree Robbery 7 counts_

5. What was your plea? (check one)
   (a) Not guilty  (✓)
   (b) Guilty      ( )
   (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _N/A_

6. Kind of trial: (Check one)
   (a) Jury (✓)
   (b) Judge only ( )

7. Did you testify at the trial? Yes ( )   No (✓)

8. Did you appeal from the judgment of conviction?   Yes (✓)   No ( )

9. If you did appeal, answer the following:
   (a) Name of court _Court of Criminal Appeals_
   (b) Result _Affirmed_
   (c) Date of result _Oct. 24, 03_
   If you filed a second appeal or filed a petition for certeorari in the Supreme Court, give details: _Supreme Court of Alabama File A Writ of Centeorari; Affirmed 1-16-04_

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? Yes (✓)   No ( )

11. If your answer to 10 was "yes", give the following information:
    (a) (1) Name of court _Henry County Circuit Court_
        (2) Nature of proceeding _Rule 32 petition_

        (3) Grounds raised _1) Batson Challenge 2) Juror misconduct 3) Double Jeopardy Claim 4) Plaintiff's improper argument to jury infected the trials with unfairness 5) Testimony was not sufficiently corroborated as provided by law_

        (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )  No (✓)
        (5) Result _Affirmed_
        (6) Date of result _5-05_

(b) **As to any second petition, application or motion give the same information:**
   (1) Name of court _Court of Criminal Appeals_
   (2) Nature of proceeding _First Appeal_

   (3) Grounds raised _1 See Attached Sheet_
   _____
   _____
   _____
   _____
   _____
   _____

   (4) Did you receive an evidentiary hearing on your petition, application or motion?   Yes ( )    No (✓)
   (5) Result _Affirmed_
   (6) Date of result _Oct 24, 03_

(c) As to any third petition, application or motion, give the same information:
   (1) Name of Court _Supreme Court of Alabama_
   (2) Nature of proceeding _Writ of Centeorari / 1-16-04_

   (3) Grounds raised _____
   _Same as above_
   _____
   _____
   _____
   _____

   (4) Did you receive an evidentiary hearing on your petition, application or motion?   Yes ( )   No ( )
   (5) Result _____
   (6) Date of result _____

(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:
   (1) First petition, etc.        Yes (✓)    No ( )
   (2) Second petition, etc.       Yes ( )    No ( )
   (3) Third petition, etc.        Yes ( )    No ( )

(e) If you did **not** appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _Ventress Law Library does not have any paralegals as ordered by the Courts and petitioner knows nothing of the law and is unable to pay for help_

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground.

   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

   (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
   (b) Conviction obtained by use of coerced confession.
   (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
   (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
   (e) Conviction obtained by a violation of the privilege against self-incrimination.
   (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
   (g) Conviction obtained by a violation of the protection against double jeopardy.
   (h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
   (i) Denial of effective assistance of counsel.
   (j) Denial of right of appeal.

A. **Ground one:** Conviction obtained by a violation of the protection against Double Jeopardy

**Supporting FACTS** (tell your story briefly without citing cases or law):
Petitioner was convicted of Robbery I. Petitioner was found guilty of robbing a man and wife in there home of a bill fold and purse plus the contents that was in a safe. Petitioner claims that since this was an ongoing event he should not have been charged with two counts of robbery but with one count and that the sentences should have run concurrent and not consecutive or wild. Petitioner should have been only charged with one robbery not two. These two convictions arise out of the very same act or transaction and violates the double jeopardy clause.

B. **Ground two:** Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled

**Supporting FACTS** (tell your story briefly without citing cases or law):
The court erred to reversal in denying petitioners Batson challenge to plaintiffs purposeful racial discrimination in striking six of the eight blacks on the jury list without just cause. The only reason that the blacks where removed is because the state wanted less blacks on the jury as possible.

C. **Ground three:** Juror Misconduct

**Supporting FACTS** (tell your story briefly without citing cases or law):
Juror misconduct by the only two black members of the jury prejudiced petitioners right to an impartial jury and court two courts abused its descretion when it discharged the jurors without warning; one juror was discharged because the state claimed that she was nodding or might have been sleeping and juror two was removed for the same reason over the objection of petitioner therefore leaving an all white jury in a one day trial that found petitioner guilty

D. **Ground four:** _Where uncorroborated testimony of a minor was used against petitioner_

**Supporting FACTS** (tell your story <u>briefly</u> without citing cases or law):

_The trial court erred to reversal in denying petitioner motion for judgment of acquittal and or motion for new trial where accomplice testimony was not sufficiently corroborated. It is plain to see by the record that the states key witness who was a minor made a deal with the state and received youthful offender status and _____ in exchange for favorable treatment and sentence even though he himself admitted that he fully participated in the robbery. And when this was found out the state cried foul claiming that as a youthful offender his record was confidential and sealed._

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state <u>briefly</u> what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court, wither state or federal, as to the judgment under attack?  Yes ( )  No ( )

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing _Greg Dagian_
    (b) At arraignment and plea _Greg Dagian_
    (c) At trial _Greg Dagian_
    (d) At sentencing _Greg Dagian_
    (e) On appeal _Greg Dagian_

(f) In any post-conviction proceeding _____ N/A _____

(g) On appeal from any adverse ruling in a post-conviction proceeding: _____
N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes (✓)   No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ( )   No (✓)

(a) If so, give name and location of court which imposed sentence to be served in the future: _____ N/A _____

(b) And give date and length of sentence to be served in the future: _____ N/A _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ( )   No ( )

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____ N/A _____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on _____.
(date)


_____
Signature of Petitioner

Case 1:05-cv-00634-WKW-CSC   Document 1   Filed 07/07/2005   Page 9 of 11

Page 4

N266

**STATE OF ALABAMA**
Department of Corrections
*Inmate Stationery*

RECEIVED
2005 JUL -7 A 9:28
[stamp]

1. Whether the court erred to reversal in denying defendant's Batson Challenge to plaintiff's purposeful racial discrimination during jury selection?

2. Whether juror misconduct and/or the court's SUI SPONTE ruling related to same acted to deny defendant his constitutional right to trial by impartial jury?

3. Whether the multiple cases and/or conviction violate double jeopardy?

4. Whether the court erred to reversal in its ruling that defendant's wife could be compelled to testify against her will?

5) Whether the court erred to reversal in limiting the uncorroborated testimony of accomplice Nicholas McKinnon would not be excluded and would be submitted to the jury?

6) Whether the court erred to reversal in limiting defendant's cross examination of a key prosecution witness?

7) Whether the court erred to reversal in refusing to give defendant's requested jury instructions regarding corroboration of accomplice testimony necessary to convict?

8) Whether the defendant was denied due

**STATE OF ALABAMA**
Department of Corrections
*Inmate Stationery*

process by improper argument to the jury by plaintiff?

9) Whether the court erred to reversal in giving plaintiff's additional jury instructions?

10) Whether the court abused its discretion in sentencing defendant?

11) Whether the sentence as imposed ___ unconstitutional?

12) Whether the court erred to reversal in denying defendant's motion for judgement of acquittal and/or motion for new trial?

**STATE OF ALABAMA**
Department of Corrections
*Inmate Stationery*

E. Ground five

Plaintiff's improper argument to the jury so infected the trial with unfairness as to make the resulting conviction a denial of due process.

Petitioner was denied his sixth and fourteenth amendments rights to confront witnesses against him when the prosecution used a juvenile as a key witness all the while asserting the state confidentiality laws concerning juveniles but the juvenile was the states key witness.