## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHNNY C. GRACE, JR.,** | ) | |
| **#227106,** | ) | |
| | ) | |
| **PETITIONER,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.  1:05-CV-634-F** |
| | ) | |
| **J.C. GILES, et al.,** | ) | |
| | ) | |
| **RESPONDENTS.** | ) | |

## <u>ANSWER OF RESPONDENTS</u>

Come now the Respondents, by and through the Attorney General for the State of Alabama, and, in response to this Court's July 12, 2005 order, hereby respectfully submit this Answer to the petition for writ of habeas corpus filed by Johnny C. Grace, Jr.

The Respondents deny that Grace is entitled to any relief whatsoever under the federal writ of habeas corpus.

## PROCEDURAL BACKGROUND

### A.  Direct appeal

1.  On October 17, 2002, Grace was convicted of two counts of first degree robbery in Henry County Circuit Court cases CC-02-205 and CC-02-206, and, on January 23, 2003, was sentenced to consecutive sentences of ninety-nine years'

imprisonment on each conviction. Ex. 1A.[1]  Grace appealed to the Alabama Court

of Criminal Appeals, alleging the following grounds for relief:

1. The trial court erred in denying Grace's Batson (v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986) motion;

2. The trial court erred in sua sponte discharging two jurors who were sleeping during his trial;

3. The trial court's judgment violated the Double Jeopardy Clause because Grace's convictions arose from a single act;

4.  The trial court erred in compelling Grace's wife to testify;

5. The trial court erred in limiting the cross-examination of the Henry County Sheriff;

6. The trial court erred in admitting uncorroborated accomplice testimony;

7. The trial court erred in refusing to instruct the jury as Grace requested;

8. The State's closing argument was improper;

9. The trial court erred in instructing the jury as requested by the State;

10. The trial court erred in sentencing Grace without considering mitigating factors, and its sentence was disproportionate to his offenses;

11. The trial court erred in denying Grace's motion for a judgment of acquittal and motion for a new trial because there was insufficient evidence to support his conviction.

Ex. 1B.   The Court of Criminal Appeals affirmed Grace's robbery convictions and

sentences by memorandum opinion in Grace v. State, CR-02-1017 (Ala. Crim.

---

[1]The trial court's case action summary sheet references to "1-23-02" as the sentencing date are clerical errors.

App. Oct. 24, 2003). Ex. 1C. Grace filed an application for rehearing, which the Court of Criminal Appeals overruled. Exhibits 1D, 1E.

2. Grace then filed a petition for writ of certiorari in the Alabama Supreme Court, alleging the following grounds for relief:

1. The trial court erred in denying Grace's <u>Batson</u> (<u>v. Kentucky</u>, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986) motion;

2. The Court of Criminal Appeals erred in holding that he did not preserve his claim regarding the discharge of jurors for appellate review, and the trial court erred in discharging those jurors;

3. The trial court erred in limiting the cross-examination of the Henry County Sheriff;

4. The trial court erred in refusing to instruct the jury as he requested;

5. The trial court erred in sentencing Grace without considering mitigating factors, and its sentence was disproportionate to his offenses;

6. The trial court erred in denying his motion for a judgment of acquittal and motion for a new trial because there was insufficient evidence to support his conviction.

Ex. 1F. The Alabama Supreme Court denied Grace's petition for writ of certiorari and entered a certificate of judgment on January 16, 2004. Ex. 1G. Grace did not seek review of his convictions in the United States Supreme Court.

**B. Grace's challenge to the trial court's restitution order and requests for resentencing**

3. Although, as will be discussed below, not at issue in Grace's petition before this Court, it is noted that the trial court entered a restitution judgment

against Grace during the pendency of his direct appeal. Grace appealed from that

restitution judgment, and, on August 27, 2004, the Court of Criminal Appeals in

Grace v. State, 899 So. 2d 302 (Ala. Crim. App. 2004) held that the Alabama

Governor's Office and the Crime Stoppers community crime prevention program

are not "victims" entitled to restitution and remanded for trial court to amend its

restitution order. Exs. 2A, 2B. On October 22, 2004, the Court of Criminal

Appeals affirmed the restitution judgment on return to remand, after the trial court

"deleted payment of restitution to the Governor's Office and to Crime Stoppers."

Ex. 2C.

4. Grace also filed an August 10, 2004 "Motion for Nunc Pro Tunc" and a

November 1, 2004 "Motion for Reconsideration of Sentence and Structure,"

whereby he requested the trial court to reconsider his sentences; the trial court

denied those motions on August 18, 2004 and November 5, 2004. Ex. 2D, 2E, 3B.

These motions are also not at issue here.[2]

---

[2]Although, as shown in Argument below, the restitution litigation and the
motions for resentencing are not at issue in Grace's petition and thus did not toll
the 28 U.S.C. 2244 (d)(1) limitation period governing the petition, these exhibits
are submitted to provide a complete record for the Court. It is also noted that
currently pending before the Court of Criminal Appeals is the unrelated appeal of
Grace v. State, CR-04-0319, wherein Grace challenges his Barbour County Circuit
Court convictions of first degree robbery and first degree burglary and concurrent
terms of twenty years' imprisonment. Grace's "Motion for Nunc Pro Tunc"
requested the Henry County Circuit Court to order his robbery sentences to run
concurrent with the aforementioned Barbour County Circuit Court sentences. Ex.
2D.

**C.  Post-conviction proceeding-<u>Ala.R.Crim.P.</u> Rule 32**

5.  On January 12, 2005, Grace filed an <u>Ala.R.Crim.P.</u> Rule 32 petition in

the trial court, alleging the following grounds for relief:

1.  The trial court erred in denying Grace's <u>Batson</u> (<u>v. Kentucky</u>, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986) motion;

2.  The trial court erred in <u>sua</u> <u>sponte</u> discharging two jurors who were sleeping during his trial;

3.  The trial court's judgment violated the Double Jeopardy Clause because his convictions arose from a single act;

4.  The State's closing argument was improper;

5.  The trial court erred in denying his motion for a judgment of acquittal and motion for a new trial because there was insufficient evidence to support his conviction.

Ex. 3A.  The trial court summarily dismissed Grace's Rule 32 petition on February

4, 2005, and Grace did not appeal from that judgment.  Ex. 3B.

6.  The records of Grace's direct appeal and post-conviction proceeding are

in the possession of the State and available for this Court's review.

**D.  The instant petition for habeas corpus**

7.  On July 7, 2005, Grace filed the instant petition for habeas corpus in this

Court.  Grace challenges his Henry County Circuit Court robbery convictions,

alleging the following grounds for relief:

1.  The trial court's judgment violated the Double Jeopardy Clause because his convictions arose from a single act;

2.  The trial court erred in denying Grace's <u>Batson</u> (<u>v. Kentucky</u>, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986) motion;

3.  The trial court erred in <u>sua</u> <u>sponte</u> discharging two jurors who were sleeping during his trial;

4.  The trial court erred in denying his motion for a judgment of acquittal and motion for a new trial because accomplice testimony of the State's "key witness" against him was not sufficiently corroborated;

5.  The trial court erred in compelling his wife to testify;

6.  The trial court erred in limiting his cross-examination "of a key prosecution witness";

7.  The trial court erred in refusing to instruct the jury as he requested;

8.  The State's closing argument was improper and resulted in a denial of due process and his confrontation rights;

9.  The trial court erred in instructing the jury as requested by the State;

10. The trial court "abused its discretion in sentencing defendant," and the sentence was "unconstitutional."

Petition pp. 6-7, 9-11.

## ARGUMENT

### I.  GRACE'S PETITION AND THE CLAIMS CONTAINED THEREIN ARE BARRED BY THE AEDPA LIMITATION PERIOD.

8.  Grace's petition is barred by the limitation period set forth in the

Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244

(d)(1). The AEDPA imposes a one-year statute of limitation on all habeas corpus

petitions; "[t]his rule 'serves the well-recognized interest in the finality of state

court judgments' and 'reduces the potential for delay on the road to finality by

restricting the time that a prospective federal habeas petitioner has in which to seek

federal habeas review.'" <u>Drew v. Department of Corrections</u>, 297 F.3d 1278,

1283 (11th Cir. 2002), citing <u>Duncan v. Walker</u>, 533 U.S. 167, 179, 121 S. Ct.

2120, 2128, 150 L. Ed. 2d 251 (2001). The limitation period is subject to statutory

tolling under certain circumstances, such as when a properly filed state court

postconviction petition is pending for review. <u>Goodman v. United States</u>, 151 F.

3d 1335, 1337 (11th Cir. 1998); 28 U.S.C. § 2254 (d)(2).

    9.  The Alabama Supreme Court, Alabama's court of last resort, entered its

certificate of judgment on Grace's direct appeal of his convictions on January 16,

2004. Ex. 1G.  Because Grace sought certiorari review in the Alabama Supreme

Court, the AEDPA one-year limitation period was tolled for an additional ninety

days from entry of that court's ruling; therefore, Grace's limitation period began to

run on April 15, 2004. "[Grace's] judgment of conviction became 'final' ... when

the ninety-day period in which to seek certiorari from the United States Supreme

Court expired." <u>Wade v. Battle</u>, 379 F. 3d 1254, 1256 (11th Cir. 2004).

    10.  Grace filed his petition for postconviction relief pursuant to

<u>Ala.R.Crim.P.</u> Rule 32 on or about January 12, 2005, the date that he presumably

delivered the petition for mailing by prison authorities. Ex. 3A;  <u>Adams v. United</u>

<u>States</u>, 173 F. 3d 1339 (11th Cir. 1999) (pro se motion deemed filed on date of

delivery to prison authorities for mailing).  Grace's filing of the Rule 32 petition

tolled the AEDPA limitation period.  Webster v. Moore, 199 F. 3d 1256, 1259 (11th

Cir. 2000).    However, between April 15, 2004 and January 12, 2005, 272 days of

Grace's one-year limitation period under the AEDPA had passed.  The Henry

County Circuit Court summarily dismissed Grace's petition on February 4, 2005,

and Grace did not appeal from that judgment.  Ex. 3A.  Grace had 42 days within

which to file a notice of appeal under Ala.R.App.P. Rule 4 (a)(1); though he did

not do so, the AEDPA limitation period was tolled during that time as well.  Jones

v. Nagle, 349 F. 3d 1305, 1307-1308 (11th Cir.  2003) (relying upon Carey v.

Saffold, 536 U.S. 214, 217, 122 S .Ct. 2134, 2136, 153 L. Ed. 2d 260 (2002), and

holding that the AEDPA limitation period was tolled during the time within which

the petitioner could have filed a notice of appeal from dismissal of Rule 32

petition, though he did not).

11.  Grace filed his petition for writ of habeas corpus in this Court on July 7,

2005.  Between the date that the trial court's judgment on Grace's Rule 32 petition

became final following the expiration of the 42 day period within which Grace

could have appealed -- March 18, 2005 -- and Grace's filing of the instant petition

before this Court -- July 7, 2005 -- 111 days had passed.  Thus, with allowance for

the tolling noted above, Grace's petition was filed 383 days after his convictions

became final, and was therefore filed outside the one-year AEDPA limitation

period; it is time-barred.  28 U.S.C. § 2244 (d)(1).

12.  It should be noted that neither of Grace's miscellaneous motions ("Motion for Nunc Pro Tunc Order", "Motion for Reconsideration of Sentence and Structure")  seeking the trial court to amend his sentences to run concurrent with convictions in another county or due to his prison record, see Exs. 2D, 2E, nor the proceedings regarding the trial court's restitution order, see Exs. 2A, 2B, 2C, tolled the AEDPA limitation period.  Grace's petition before this Court does not allege error in the trial court's denial of these motions for resentencing or in its restitution judgment (which, as noted above, was vacated by the trial court on remand from the Court of Criminal Appeals – see Ex. 2C).  Therefore, even if the trial court's restitution order were to be deemed a "resentencing," because Grace does not challenge it in his petition, the litigation surrounding the restitution issue would not toll the AEDPA limitation period.  Walker v. Crosby,  341 F. 3d 1240, 1246 (11th Cir. 2003) (AEDPA limitations period runs from the latest of the dates of original judgment and resentencing judgments, where the petition challenged both the original judgment and resentencing judgment); Sykosky v. Crosby, No. 3:04CV416/MCR/EMT, 2005 WL 1334600, at *2 (N.D. Fla. Jun. 6, 2005) ("[i]n the instant case, Petitioner's habeas petition contains claims challenging only the original judgment of conviction; he does not challenge the resentencing judgment. Therefore, Walker [v. Crosby] is inapplicable.")

13. Grace had not shown on what basis he would be entitled to equitable tolling, "an extraordinary remedy which is typically applied sparingly[,]" to excuse his failure to file within the statutory period. <u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11th Cir. 2000); <u>Howell v. Crosby</u>, No. 04-16542, 2005 WL 1554202, at *1 (11th Cir. Jul. 6, 2005). Therefore, Grace's petition is due to be dismissed as untimely.

## II. GRACE'S CLAIMS ARE PROCEDURALLY DEFAULTED OR MERITLESS.

14. As shown above, Grace's petition was filed outside of the one-year limitation period set forth by 28 U.S.C. 2244 (d)(1), and this Court need look no further than this ground to dismiss the petition. Even if this Court were declare the petition timely filed, however, Grace's claims are due to be dismissed as either procedurally defaulted from this Court's review or, if not defaulted from review, meritless.

### A. Grace's double jeopardy claim is procedurally defaulted.

15. Grace first asserts that the trial court's judgment violated the Double Jeopardy Clause because his convictions arose from a single act. Petition p. 6. Although Grace raised this claim on direct appeal in the Court of Criminal Appeals and that court found it meritless, <u>see</u> Ex. 1B, Grace did not raise this claim in his petition for writ of certiorari in the Alabama Supreme Court. Ex. 1F. He raised

the claim in his <u>Ala.R.Crim.P.</u> Rule 32 petition, but did not appeal from the trial court's dismissal of that petition.  Exs. 3A, 3B.

16.  This Court will not review claims made in a petition for habeas corpus that were not first properly presented to the state courts.  28 U.S.C. § 2254 (b)(1)(A) requires the federal habeas petitioner to first exhaust his remedies in the state court system; this exhaustion requirement is "grounded in the principles of comity and federalism[.]"  <u>Henderson v. Campbell</u>,  353 F. 3d 880, 897-898 (11th Cir. 2003).  "The exhaustion doctrine, first announced in <u>Ex parte Royal</u>, 117 U.S. 241, 6 S. Ct. 734, 29 L. Ed. 868 (1886), is now codified at 28 U.S.C. § 2254 (b) (1) (1994 ed., Supp. III)."  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731, 144 L. Ed. 2d 1 (1999).  Claims must be presented to the state court of last resort, even when only discretionary review is available under the state court system, for purposes of exhaustion.  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 848, 119 S. Ct. 1728, 1734.  "There is no doubt that Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the <u>Boerckel</u> rule."  <u>Smith v. Jones</u>, 256 F. 3d 1135, 1140 (11th Cir. 2001).  By failing to present this issue to the Alabama state court of last resort on direct appeal, and by failing to appeal from the trial court's dismissal of his Rule 32 petition wherein he raised the issue, Grace has failed to exhaust his state law remedies and thus

rendered the double jeopardy claim procedurally defaulted from this Court's review.

**B. Grace's <u>Batson</u> claim is procedurally defaulted.**

17. Grace next contends that the trial court erred in denying his motion pursuant to <u>Batson</u> v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986). Petition p. 6. He argues that the State struck six of eight blacks from his venire without just cause, and engaged in racial discrimination in doing so. <u>Id.</u>

18. While Grace presented this argument to the Court of Criminal Appeals and the Alabama Supreme Court on direct appeal, Exs. 1B, 1F, the Court of Criminal appeals held that it was procedurally barred because he did not first present it to the trial court:

> "The appellant argues that the trial court erred in denying his <u>Batson</u> motion, in violation of <u>Batson v. Kentucky</u>, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986). At trial, the appellant argued that the trial court allowed the State to improperly use its peremptory strikes to remove six of eight black venirepersons from the strike list. He based his object on the low number of blacks on the venire. On appeal, however, the appellant further argues that the reasons given were 'obviously pretextual' and offered 'to conceal racial discrimination.' This Court will not address the appellant's argument on appeal not presented to the trial court. See <u>Long v. State</u>, 615 So. 2d 114 (Ala. Crim. App. 1992)."

Ex. 1C, pp. 1-2.

19. Though Grace argued the same in his petition for writ of certiorari in the Alabama Supreme Court, Ex. 1F, the Court of Criminal Appeals' refusal to review

the issue as presented by Grace renders it procedurally defaulted from this Court's review because it was barred by a legitimate state procedural bar -- his failure to first present the argument to the trial court. It is well settled that the Alabama appellate courts will not review such nonjurisdictional claims if they are not first presented to the trial court. E.g., Hemphill v. State, 669 So. 2d 1020, 1023 (Ala. Crim. App. 1995) (Batson issue must be preserved for appellate review). Claims that are not adequately presented to the state court in compliance with the state's procedural requirements are not properly exhausted, and are rendered procedurally defaulted. Brownlee v. Haley, 306 F. 3d 1043, 1065 (11th Cir. 2002).

20. It is noted, however, that, because the trial court required the State to provide its reasons for its jury strikes, the Court of Criminal Appeals, though refusing to review Grace's specific racial discrimination claim, reviewed the strikes and found no error. Ex. 1C, pp. 2-3. To the extent, if any, this Court were to consider Grace's claim not procedurally defaulted, it is clear that the state courts' denial of relief on this issue was correct. In reviewing the State's proffered reasons for its strikes, the Court of Criminal Appeals held:

> "The record indicated that the trial court instructed the State to provide its reasons for the strikes, and, therefore, this Court will review those reasons. The State gave the following explanation for its strikes:  1) Juror Number 38 knew the defendant, members of his family, as well as a co-defendant's family.  2) Juror Number 21 knew the defendant's family and thought that she might possibly be related to them.  3)  Juror Number 22 knew the defendant's wife or common-law wife or girlfriend. 4)

Juror Number 36 was struck because he said that his brother was a judge in New Jersey. The State explained that another juror, a white female, was also struck because she knew the probate judge in the circuit; as well as another juror, a white male, who was struck because he was a correctional officer in Easterling Prison. The State reasoned that it did not want anyone who thought they had an increased knowledge about the legal system. 5) Juror Number 5 was struck because he had a prior conviction for robbery in Barbour County. 6) Juror Number 36 was struck because she said that she was familiar with the defendant, and had known him through school. The State noted that its first strike was a white female, who stated that she knew the defendant and had, in fact, dated him in high school.

"The record indicates that the appellant has failed to establish that the ruling of the trial court in determining that the State's peremptory strikes were not motivated by intentional discrimination was clearly erroneous. See Wright v. State, 601 So. 2d 1095 (Ala. Crim. App. 1991). The record indicates that the State treated blacks and whites similarly in its strikes. Where there is no disparate treatment among veniremembers, the trial court's finding of neutrality in the use of peremptory strikes [is] clearly not erroneous. See Mitchell v. State, 579 So. 2d 45 (Ala. Crim. App. 1991). 'The fact that a prospective juror knows the defendant or his family is a valid race-neutral reason for striking the juror.' Temmis v. State, 665 So. 2d 953 (Ala. Crim. App. 1994). Additionally, '[s]triking a person or the relative of a person who has been convicted of a crime is a race-neutral reason.' Ex parte McNair, 653 So. 2d 353 (Ala. 1994). Lastly, the demeanor of a juror can also provide a sufficiently race-neutral explanation for the State's use of a peremptory challenge. See Russell v. State, 739 So. 2d 58 (Ala. Crim. App. 1999). The trial court correctly denied the appellant's Batson motion."

Ex. 1C, pp. 2-3.

21. Grace has failed to demonstrate that the Court of Criminal Appeals' affirmance of the trial court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d) (1), (2).  A state court decision is "contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in" relevant caselaw,  Williams v. Taylor, 529 U.S. 362, 405, 120 S. Ct. 1495, 1519, 146 L. Ed. 2d 389 (2000), and the Court of Criminal Appeals did not apply a rule contradicting federal law.   Further, the Court of Criminal Appeals did not act "in an objectively unreasonable" manner and did not rule against clearly established precedent by "confront[ing] a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrive[ing] at a result different from our precedent."  529 U.S. 362, 406, 409, 120 S. Ct. 1495, 1519-1521.  Accordingly, even if this Court were to review the merits of Grace's Batson claim, it is clear that he has failed to demonstrate that he is entitled to federal habeas relief.

## C. Grace's juror misconduct claim is procedurally defaulted.

22. Grace next alleges "juror misconduct," contending that the trial court erred when it discharging two jurors at his trial.  Petition p. 6.  He argues that

"misconduct by the only two black members of the jury" prejudiced him and the

trial court abused its discretion when it <u>sua</u> <u>sponte</u> discharged the jurors, who had

been sleeping during the trial.  <u>Id.</u>

    23.  While Grace presented this argument to the Court of Criminal Appeals

and the Alabama Supreme Court, Exs. 1B, 1F, the Court of Criminal Appeals held

that his argument was procedurally barred because he did not first present it to the

trial court:

> "The appellant argues that the trial court erred in removing two
> sleeping jurors, from the petit jury, and replacing them with
> alternate jurors.  He contends that 'the only two black people
> were taken off the jury.'  Additionally, he contends on appeal
> that 'juror misconduct and/or the court's sua sponte ruling
> related to same, acted to deny defendant his constitutional right
> to trial by impartial jury.'
>
> "Although the appellant argued that the trial court erred in
> removing the jurors, he failed to present to the court his claim
> concerning juror misconduct, i.e., a claim based on the fact that
> the two jurors failed to advise the appellant during voir dire that
> they had problems staying awake.  Therefore, the appellant's
> juror misconduct claim was not preserved for appellate review.
> <u>See</u> <u>Toombs v. State</u>, 739 So. 2d 550 (Ala. Crim. App. 1999)."

Ex. 1C, p. 3.

    24.  As with Grace's <u>Batson</u> claim, though he argued the same in his petition

for writ of certiorari in the Alabama Supreme Court, Ex. 1F, the Court of Criminal

Appeals' refusal to review the issue as presented by Grace renders it procedurally

defaulted from this Court's review.  The claim was barred from state court

appellate review, by his failure to first present it to the trial court. This is a legitimate state procedural bar, and, as noted above, it is well settled that the Alabama appellate courts will not review such nonjurisdictional claims if they are preserved at trial. E.g., Hemphill v. State 669 So. 2d 1020, 1023. Grace's claim, not presented in a manner to comply with Alabama's procedural requirements, is rendered procedurally defaulted. Brownlee v. Haley, 306 F. 3d 1043, 1065.

25. Again, as with the Batson claim above, the Court of Criminal Appeals, though refusing to entertain Grace's juror misconduct claim, reviewed the record and found no error. Ex. 1C, pp. 3-4. To the extent, if any, this Court were to consider Grace's claim not procedurally defaulted, it is again clear that the state courts' denial of relief on this issue was correct. The Court of Criminal Appeals found no abuse of discretion in the trial court's removal of the jurors:

> "The record reveals that following the testimony of three State's witnesses, the trial court informed both parties that it had noticed two of the jurors 'sleeping a good bit.' It noted that because the jurors were not paying attention to the evidence, it intended to replace them with the previously selected alternates. Additionally, the record reveals that the trial court took the testimony of Deputy Mike Sitzler, who had been present and watching the jury, and had also observed the sleeping jurors. Deputy Sitzler corroborated the remarks and observations of the trial court, stating that the jurors appeared to be asleep for as much as 'two or three minutes' at a time. In response to the appellant's objection, that trial court responded that it was not removing the jurors because of their race, but because they were sleeping. There is no indication from the record that the trial court abused its discretion in removing the jurors. See Carden v. State, 621 So. 2d 342 (Ala. Crim. App. 1992) (The

trial court is vested with discretion in the conduct of a trial, and this Court will not interfere with the exercise of that discretion unless it clearly appears that there has been an abuse of that discretion."

Ex. 1C, pp. 3-4.

26.  Grace has again failed to demonstrate that the Court of Criminal Appeals' affirmance of the trial court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.   28 U.S.C. § 2254(d) (1), (2); Williams v. Taylor, 529 U.S. 362, 405, 120 S. Ct. 1495, 1519.  In finding no abuse of discretion in the trial court's removal of the jurors, the Court of Criminal Appeals did not act "in an objectively unreasonable" manner and did not rule against clearly established federal precedent.  Thus, even if this Court were to review the merits of Grace's "juror misconduct" claim, he has again failed to show that he entitled to federal habeas relief.

**D.  Grace's claim that the State's evidence was insufficient to support his robbery convictions because of uncorroborated accomplice testimony is meritless.**

27.  Grace next argues that the trial court erred in denying his motion for a judgment of acquittal and motion for a new trial because accomplice testimony of the State's "key witness" against him was not sufficiently corroborated.  Petition p.

7. He asserts that the witness "made a deal with the state" and received favorable treatment though he participated in the robbery. Id.

28. Grace argued against the trial court's denial of these motions in the Court of Criminal Appeals and the Alabama Supreme Court, although he now appears to intertwine his previous arguments that the trial court erred in admitting uncorroborated testimony and in denying his motions for judgment of acquittal and motion for a new trial on the basis of insufficient evidence. Ex. 1B. Grace did not present the independent corroboration claim to the Alabama Supreme Court in his petition for a writ of certiorari, while he did argue that "accomplice testimony was not sufficiently corroborated" to support his conviction. Ex. 1B.

29. If the Court were to assume that Grace refers to the accomplice testimony of State's witness Nicholas McKinnon that was at issue in the state courts, it appears that Grace's claim is not defaulted; it is, however, meritless. The Alabama Court of Criminal Appeals found that McKinnon's testimony was sufficiently corroborated:

> "An examination of the record indicates that there was sufficient corroboration of the accomplice testimony to allow the evidence to be presented to the jury for its determination, pursuant to § 12-21-222, Ala. Code 1975. The State presented evidence, excluding the testimony of McKinnon, which connected the appellant to the crimes. Specifically, the State presented the testimony of Tyrone Lindsey, who testified that on the night of the robberies, the appellant came to his house, accompanied by other individuals, including McKinnon. He testified that they arrived in McKinnon's car and proceeded to

remove a safe from it. The appellant was present when the safe
was broken into and the proceeds divided. Because the
witness's testimony connected the appellant with the
commission of the offense, it was sufficient to satisfy the
requirements of § 12-21-222, Ala. Code 1975. See <u>Ferguson v.
State</u>, 814 So. 2d 925, 952 (Ala. Crim. App. 2000); <u>Ware v.
State</u>, 409 So. 2d 886, 891 (Ala. Crim. App. 1981)
('Corroborative evidence need not directly connect the accused
with the offense, but need only <u>tend</u> to do so.")

Ex. 1C, p. 6 (emphasis in original).

30. The Court of Criminal Appeals further found sufficient evidence to

support Grace's convictions:

"The appellant argues that the trial court erred in denying his
motion for a judgment of acquittal and his motion for a new
trial.

"The evidence presented by the State tended to show that the
appellant had worked for the victim, Ann and Jack Murphy, had
been in their home, and knew the location of their safe.
Evidence was presented that the appellant was the only one of
the perpetrators involved in the robbery who knew the victims.
Nicholas McKinnon testified that the appellant drove them to
the victims' home for the purpose of committing the robbery.
The perpetrators put socks on their hands and covered their
faces, and forced their way, by gunpoint, into the victims'
home. Evidence was presented that they ransacked the house
and repeatedly threatened to kill each victim. When the
perpetrators were unable to open the safe in the victims'
residence, they loaded it into their vehicle and left. Tyrone
Lindsey testified that the appellant, McKinnon, and others came
to his residence on the night of the robbery, unloaded a safe,
and proceeded to divide its contents.

"In considering the evidence in a light most favorable to the
State, as this Court is required to do, the State presented ample
evidence which, if believed by the jury, would sustain the guilty

verdict.  <u>Farrior v. State</u>, 728 So. 2d 691 Ala. Crim. App. 1998);
<u>Whitt v. State</u>, 733 So. 2d 463 (Ala. Crim. App. 1998); <u>Woods</u>
<u>v. State</u>, 724 So. 2d 40, 48 (Ala. Crim. App. 1997)."

Ex. 1C, pp. 8-9.

    31.  This Court reviews Grace's insufficient evidence claim pursuant to

<u>Jackson v. Virginia,</u> 443 U.S. 307, 99 S .Ct. 2781, 61 L. Ed. 2d 560 (1979),

wherein the Supreme Court held:

> "[I]n a challenge to a state criminal conviction brought under 28
> U.S.C. § 2254--if the settled procedural prerequisites for such a
> claim have otherwise been satisfied--the applicant is entitled to
> habeas corpus relief if it is found that upon the record evidence
> adduced at the trial no rational trier of fact could have found
> proof of guilt beyond a reasonable doubt."

443 U.S. at 324, 99 S. Ct. at 2791-92.  <u>See</u> <u>also</u> <u>Peoples v. Campbell</u>, 377 F.3d

1208, 1230 (11th Cir. 2004) (holding same).  This Court defers to the jury's

resolution of facts when those facts support conflicting inferences, and "[o]nly if

the evidence '[g]ives equal or nearly equal circumstantial support to a theory of

guilt and a theory of innocence of the crime charged, [would] a reasonable jury ...

necessarily entertain a reasonable doubt,' and the evidence be found

constitutionally insufficient to support the conviction." <u>Martin v. Alabama</u>, 730 F.

2d 721, 724 (11th Cir. 1984), citing <u>Cosby v. Jones</u>, 682 F. 2d 1373, 1383 (11th Cir.

1982).  "In other words, the federal courts must defer to the judgment of the jury

in assigning credibility to the witnesses and weighing the evidence." <u>Heath v.</u>

<u>Jones</u>, 863 F. 2d 815, 820 (11th Cir. 1989).

32.  There was ample evidence to support Grace's conviction, as set forth in the Court of Criminal Appeals' opinion.  Grace has failed to demonstrate that the evidence before the jury was "constitutionally insufficient to support" his robbery convictions, and thus has not met the rigorous standards set forth for federal habeas relief on this claim by Jackson v. Virginia and its progeny.  He has not shown that the Court of Criminal Appeals' affirmance of the trial court's denial of his motions resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.   28 U.S.C. § 2254(d) (1), (2); Williams v. Taylor, 529 U.S. 362, 405, 120 S. Ct. 1495, 1519.  He is not entitled to relief on this claim.

**E.  Grace's "compelled testimony" claim is procedurally defaulted.**

33.  Grace next appears to assert that that the trial court erred in holding that Grace's wife "could be compelled to testify against her will[.]"  Petition p. 9.  Although Grace raised this claim on direct appeal in the Court of Criminal Appeals and that court found it meritless, see Ex. 1B, Grace did not raise this claim in his petition for writ of certiorari in the Alabama Supreme Court.  Ex. 1F.  By failing to present this issue to the Alabama state court of last resort on direct appeal, Grace has rendered this claim procedurally defaulted from this Court's review.

O'Sullivan v. Boerckel, 526 U.S. 838, 848, 119 S. Ct. 1728, 1734; Smith v. Jones,

256 F. 3d 1135, 1140.

### F. Grace's claim that the trial court improperly limited cross-examination is meritless.

34. Grace next appears to argue that the trial court erred in limiting his cross-

examination "of a key prosecution witness." If this Court were to assume that

Grace refers to the accomplice testimony of State's witness Henry County Sheriff

Lawton Armstrong that was at issue in the state courts, it appears that Grace's

claim is not defaulted, because he presented it to the Court of Criminal Appeals

and to the Alabama Supreme Court in his petition for writ of certiorari. Ex. 1B,

1F. The claim is, however, meritless. The Court of Criminal Appeals properly

found no error Grace's contention:

> "The appellant argues that the trial court improperly limited his
> right to an effective cross-examination of a State's witness,
> Sheriff Lawton Armstrong, of the Henry County Sheriff's
> Department. Specifically, he argues that he was not allowed to
> question Sheriff Armstrong about whether he had any 'personal
> animus towards [him].'
>
> "The record does not support the appellant's contention.
> Defense counsel was allowed to ask the witness whether he
> held any personal animus towards the appellant. Sheriff
> Armstrong replied that he did not. Defense counsel then
> introduced evidence regarding a taped statement that the sheriff
> had made to the appellant's co-defendant, stating that he
> 'wanted it poured to him.' The record is not clear whether the
> sheriff was referring to the appellant when he made the
> statement; but the State objected to the admissibility of the
> evidence on relevancy grounds arguing that the statement was

made to the co-defendant and not to the appellant. The State asked that the testimony be excluded from the record. The record indicates, however, that the sheriff's testimony was not, as the appellant argues, excluded from the record over his objection, but was before the jury for its consideration. Moreover, the trial court found that Sheriff Armstrong's testimony was limited to matters that did not directly implicate the appellant. Because the appellant has failed to show any prejudice as a result of any limitations on his right to cross-examine the witness, his argument must fail. Rule 45, Ala. R. App. P.

"Additionally, the appellant complains that he was not allowed to question Sheriff Armstrong, on cross-examination, about a 'statement regarding a sentencing recommendation for co-defendant Nicholas McKinnon.' The record indicates, however, that the trial court would not allow the appellant to ask about out-of-court statements made regarding a non-testifying co-defendant. 'The latitude and extent of cross-examination are matters within the sound discretion of the trial court, and in the absence of abuse, that discretion is not reversible on appeal.' Ex parte Tyson, 784 So. 2d 357, 365 (Ala. 2000). There was no abuse of the trial court's discretion in this regard."

Ex. 1C, p. 5.

35. Grace has again failed to demonstrate that the Court of Criminal Appeals' affirmance of the trial court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d) (1), (2); Williams v. Taylor, 529 U.S. 362, 405, 120 S. Ct. 1495, 1519. In finding that the trial court did not abuse its

discretion in its handling of Sheriff Armstrong's cross-examination and that Grace

showed no prejudice arising from the trial court's decisions, the Court of Criminal

Appeals did not act "in an objectively unreasonable" manner and did not rule

against clearly established federal precedent.  Grace has therefore failed to show

that he entitled to federal habeas relief on this claim.

### G.  Grace's claim that the trial court erred in instructing the jury is procedurally defaulted.

36.  Grace next argues that the trial court erred in refusing his requested jury

instruction "regarding corroboration of accomplice testimony necessary to

convict." Petition p. 9.  While he argued this claim on direct appeal before the

Court of Criminal Appeals and in his petition for writ of certiorari before the

Alabama Supreme Court, he did not then, nor does he now, present this as a federal

claim in any manner.  Exs. 1B, 1F.  "[O]rdinarily a state prisoner does not 'fairly

present' a claim to a state court if that court must read beyond a petition or a brief

(or a similar document) that does not alert it to the presence of a federal claim in

order to find material, such as a lower court opinion in the case, that does so."

Baldwin v. Reese,  541 U.S. 27, 32, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d.

64 (2004).  "A litigant wishing to raise a federal issue can easily indicate the

federal law basis for his claim in a state court petition or brief, for example, by

citing in conjunction with the claim the federal source of law on which he relies or

a case deciding such a claim on federal grounds, or by simply labeling claim

'federal.'" Id. By failing to "fairly present" a federal claim both here and

previously before the state courts, Grace has not exhausted this claim and it is

procedurally defaulted.

37. Even if this Court were to consider Grace's claim as presenting a federal

claim and thereby finding it exhausted during Grace's direct appeal, it would be

meritless. The Court of Criminal Appeals properly found no reversible error in the

trial court's decision against instructing the jury regarding accomplice testimony:

> "The appellant argues that the trial court erred in refusing to
> given [sic] his requested jury instructions, numbers eight and
> nine, regarding the corroboration testimony necessary to
> convict.

> "Because the State presented sufficient evidence corroborating
> the testimony of the accomplice, any error in the trial court's
> failing to instruct the jury on the need for corroboration
> testimony was harmless. See Arthur v. State, 711 So. 2d 1031
> (Ala. Crim. App. 1996)."

Ex. C. p. 6.

38. Grace has again failed to demonstrate that the Court of Criminal

Appeals' affirmance of the trial court resulted in a decision that was contrary to, or

involved an unreasonable application of, clearly established Federal law as

determined by the Supreme Court, or resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the

State court proceeding. 28 U.S.C. § 2254(d) (1), (2); Williams v. Taylor, 529 U.S.

362, 405, 120 S. Ct. 1495, 1519. In finding no reversible error in the trial court's

refusal to instruct the jury regarding corroboration testimony as Grace requested, the Court of Criminal Appeals did not act "in an objectively unreasonable" manner and did not rule against clearly established federal precedent. Grace has therefore failed to show that he entitled to federal habeas relief on this claim, even if this Court were to find that it was "fairly presented" as a federal claim.

### H. Grace's claim that the State's closing argument was improper and denied him due process is procedurally defaulted.

39. Grace next claims that the he was "denied due process by improper argument to the jury" made by the State. Petition pp. 9-10, 11. As part of this argument, Grace contends that his confrontation rights were violated "when the prosecution used a juvenile as a key witness all the while asserting the state confidentiality laws concerning juveniles but the juvenile was the states key witness." Petition p. 11.

40. Although Grace raised this claim on direct appeal in the Court of Criminal Appeals and that court found it meritless, see Ex. 1B, Grace did not raise this claim in his petition for writ of certiorari in the Alabama Supreme Court. Ex. 1F. Further, Grace raised the claim in his Rule 32 petition, but did not appeal from the trial court's dismissal of the petition. Exs. 3A, 3B. By failing to present this issue to the Alabama state court of last resort on direct appeal and failing to appeal from the trial court's dismissal of his postconviction petition, Grace has rendered this claim procedurally defaulted from this Court's review. O'Sullivan v.

Boerckel, 526 U.S. 838, 848, 119 S. Ct. 1728, 1734; Smith v. Jones, 256 F. 3d

1135, 1140.

**I.  Grace's claim that trial court erred in instructing the jury as requested by the State is procedurally defaulted.**

41.  Grace next argues that "the court erred to reversal in giving the

plaintiff's additional jury instructions." Petition p. 10.  Although Grace raised this

claim on direct appeal in the Court of Criminal Appeals, that court found it

procedurally barred because Grace's appellate assertion of error was not first

presented to the trial court:

> "The appellant argues that the trial court erred in giving the
> State's additional jury instruction, after it had concluded its
> charge to the jury.  He argues that because the additional
> instruction, wherein the trial court read directly from § 13-8-41
> (b), Ala. Code 1975), was the last instruction given, '[a]
> reasonable juror may have interpreted said last substantive
> instruction...as being more important, more emphasized, more
> disposing of disputed evidence concerning a deadly weapon or
> dangerous instrument and more memorable than earlier
> unemphasized instructions that favored the defendant.'

> "The record reveals that the appellant's objection made at the
> trial level was based solely on the grounds that the requested
> instruction should not have been given because the prosecution
> failed to request the instruction during the charge conference.
> Rogers v. State, supra; Perkins v. State, 808 So.2d 1143 (Ala.
> Crim. App. 1999) (Specific grounds of objection at trial waive
> all other grounds raised on appeal."

Ex. 1B, p. 7.

42.  Further, the claim as presented to this Court and the Court of Criminal

Appeals did not "fairly present" a federal claim. In addition, Grace did not raise

this claim in his petition for writ of certiorari in the Alabama Supreme Court. Ex.

1F. Accordingly, Grace has rendered this claim procedurally defaulted from this

Court's review. O'Sullivan v. Boerckel, 526 U.S. 838, 848, 119 S. Ct. 1728, 1734;

Smith v. Jones, 256 F. 3d 1135, 1140; Baldwin v. Reese, 541 U.S. 27, 32, 124 S.

Ct. 1347, 1351.

### J.   Grace's claim that the trial court abused its discretion by issuing an "unconstitutional" sentence is meritless.

43.   Grace next argues that the trial court abused its discretion in rendering

its sentence, and that the sentence is unconstitutional. Petition p. 10. Grace argued

that his sentence of two consecutive 99 year sentences was "grossly

disproportionate" and constituted "cruel and unusual punishment" on direct appeal

before the Court of Criminal Appeals and in his petition for writ of certiorari

before the Alabama Supreme Court. Exs. 1B, 1F. Though the claim appears to be

exhausted, it is meritless. The Court of Criminal Appeals rejected his claim that

the trial court's sentence constituted an abuse of discretion:

> "The appellant argues that the trial court abused its discretion in sentencing him to two terms of 99 years' imprisonment, to be served consecutively.

> "The sentence imposed on the appellant, however, fell within the range of sentencing provided by the statute. Robbery in the first degree is a Class A felony, which carries a sentencing range of 'life or not more than 99 years or less than 10 years.' See § 13A-5-6 (a)(1), Ala. Code (1975). 'It is well-settled that

> this Court is without authority to review a sentence so long as
> the sentence imposed by the trial court is within the limits
> prescribed by our Legislature.' <u>Moreland v. State</u>, 469 So. 2d
> 1305, 1306 (Ala. 1986).

Ex. 1C, p. 8.

44.  Grace has failed to demonstrate that the Court of Criminal Appeals'

refusal to find that the trial court abused its discretion in sentencing him was

contrary to, or involved an unreasonable application of, clearly established Federal

law as determined by the Supreme Court, or that it was based on an unreasonable

determination of the facts in light of the evidence at trial.   28 U.S.C. § 2254(d) (1),

(2); <u>Williams v. Taylor</u>, 529 U.S. 362, 405, 120 S. Ct. 1495, 1519.   The Court of

Criminal Appeals did not act "in an objectively unreasonable" manner and did not

rule against clearly established federal precedent in affirming Grace's sentences,

which fell the proper range for Class A felonies.  Grace has therefore failed to

show that he entitled to federal habeas relief on this claim.

45.  Grace's procedurally defaulted claims are not capable of further

presentation to the state courts via <u>Ala.R.Crim.P.</u> Rule 32, because they would be

precluded from review as untimely, because they were raised or could have been

raised on direct appeal, and because they would stem from a successive petition.

<u>Ala.R.Crim.P.</u> Rules 32.2 (a)(4), (a)(5), (b), (c).  Further, Grace has not shown

cause and actual prejudice arising from an alleged violation of federal law, nor has

he shown a resulting fundamental miscarriage of justice if this Court does not

consider the merits of the claims. <u>Coleman v. Thompson</u>, 501 U.S. 722, 111 S. Ct.

2546, 2565, 115 L. Ed. 2d 640 (1991); <u>Schlup v. Delo</u>, 513 U.S. 298, 320, 115 S.

Ct. 851, 864, 130 L. Ed. 2d 808 (1995).

## CONCLUSION

This Court should dismiss Grace's petition and its claims as untimely filed.

If this Court were to find Grace's petition timely, it should dismiss his claims as

procedurally defaulted or meritless.

Respectfully submitted,

Troy King(KIN047)
Attorney General
By:

<u>/s/Marc A. Starrett</u>
Marc A. Starrett
Assistant Attorney General
ID #STARM1168

## EXHIBITS

Exhibit 1A: Jury's verdicts in Henry County Circuit Court Cases CC-02-205, CC-02-206 and case action summary sheet entries regarding sentences

Exhibit 1B:  Appellant's Brief, Appellee's Brief filed in the Alabama Court of Criminal Appeals, Grace v. State, CR-02-1017

Exhibit 1C:  Alabama Court of Criminal Appeals' memorandum opinion, Grace v. State, CR-02-1017 (Ala. Crim. App. Oct. 24, 2003)

Exhibit 1D:  Application for Rehearing filed in the Alabama Court of Criminal Appeals, Grace v. State, CR-02-1017

Exhibit 1E:  Alabama Court of Criminal Appeals' November 7, 2003 order overruling application for rehearing, Grace v. State, CR-02-1017

Exhibit 1F:  Petition for Writ of Certiorari filed in the Alabama Supreme Court, Ex parte Grace (v. State), No. 1030261

Exhibit 1G:  Alabama Supreme Court's order denying petition for writ of certiorari, Ex parte Grace (v. State), No. 1030261 (Jan. 16, 2004)

Exhibit 2A:  Appellant's Brief, Appellee's Brief, Appellant's Reply Brief, filed in the Alabama Court of Criminal Appeals, Grace v. State, CR-03-0565

Exhibit 2B:  Alabama Court of Criminal Appeals' opinion, Grace v. State, 899 So. 2d 302 (Ala. Crim. App. 2004)

Exhibit 2C:  Alabama Court of Criminal Appeals' memorandum opinion on return to remand, Grace v. State, CR-03-0565 (Ala. Crim. App. Oct. 22, 2004)

Exhibit 2D:  August 10, 2004 "Motion for Nunc Pro Tunc Order"

Exhibit 2E:   November 1, 2004 "Motion for Reconsideration of Sentence and Structure"

Exhibit 3A:  Rule 32 petition filed on or about January 12, 2005 in Henry County Circuit Court, CC-02-205, CC-02-206

Exhibit 3B:  Henry County Circuit Court case action summary sheets, CC-02-205, CC-02-206.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of August, 2005, I electronically

filed the foregoing with the Clerk of the Court using the CM/ECF system and I

hereby certify that I have mailed by United States Postal Service the document to

the following non-CM/ECF participant:

> Johnny C. Grace, Jr., AIS #227106
> Ventress Correctional Facility
> P.O. Box 767
> Clayton, Alabama 36016


> /s/Marc A. Starrett
> Marc A. Starrett (STARM1168)
> Office of the Attorney General
> Alabama State House
> 11 South Union
> Montgomery, AL  36130-0152
> Telephone:  (334) 242-7300
> Fax:  (334) 242-2848
> E-Mail:  MStarrett@AGO.State.Al.US


ADDRESS OF COUNSEL;

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300
212325/Grace
83287-001