

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555



**H.W."BUCKY" McMILLAN**
Presiding Judge
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
Judges

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

MEMORANDUM

CR-02-1017                    Henry Circuit Court 02-205; -206

Johnny C. Grace, Jr., v. State

McMILLAN, Presiding Judge.

The appellant appeals from his convictions for robbery in the first degree, violations of § 13A-8-41, Ala. Code 1975, and his sentences of 99 years' imprisonment, on each conviction, with the sentences to be served consecutively.

I.

The appellant argues that the trial court erred in denying his Batson motion, in violation of Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986). At trial, the appellant argued that the trial court allowed the State to improperly use its peremptory strikes to remove six of eight black venirepersons from the strike list. He based his objection on the low number of blacks on the venire. On

1



appeal, however, the appellant further argues that the reasons given were "obviously pretextual" and offered "to conceal racial discrimination." This Court will not address the appellant's argument on appeal not presented to the trial court. See <u>Long v. State</u>, 615 So. 2d 114 ((Ala. Crim. App. 1992).

The record indicates that the trial court instructed the State to provide its reasons for the strikes and, therefore, this Court will review those reasons. The State gave the following explanations for its strikes: 1) Juror Number 38 knew the defendant, members of his family, as well as a co-defendant's family. 2) Juror Number 21 knew the defendant's family and thought that she might possibly be related to them. 3) Juror Number 22 knew the defendant's wife or common-law wife or girlfriend. 4) Juror Number 36 was struck because he said that his brother was a judge in New Jersey. The State explained that another juror, a white female, was also struck because she knew the probate judge in the circuit; as well as another juror, a white male, who was struck because he was a correctional officer in Easterling Prison. The State reasoned that it did not want anyone who thought they had an increased knowledge about the legal system. 5) Juror Number 5 was struck because he had a prior conviction for robbery in Barbour County. 6) Juror Number 36 was struck because she said that she was familiar with the defendant, and had known him through school. The State noted that its first strike was a white female, who stated that she knew the defendant and had, in fact, dated him in high school.

The record indicates that the appellant has failed to establish that the ruling of the trial court in determining that the State's peremptory strikes were not motivated by intentional discrimination was clearly erroneous. See <u>Wright v. State</u>, 601 So. 2d 1095 ((Ala. Crim. App. 1991). The record indicates that the State treated blacks and whites similarly in its strikes. Where there is no disparate treatment among veniremembers, the trial court's finding of neutrality in the use of peremptory strikes in not clearly erroneous. See <u>Mitchell v. State</u>, 579 So. 2d 45 (Ala. Crim. App. 1991). "The fact that a prospective juror knows the defendant or his family is a valid race-neutral reason for striking the juror." <u>Temmis v. State</u>, 665 So. 2d 953 (Ala. Crim. App. 1994). Additionally, "[s]triking a person or the relative of a person

2

who has been convicted of a crime is a race-neutral reason." Ex parte McNair, 653 So. 2d 353 (Ala. 1994). Lastly, the demeanor of a juror can also provide a sufficiently race-neutral explanation for the State's use of a peremptory challenge. See Russell v. State, 739 So. 2d 58 (Ala. Crim. App. 1999). The trial court correctly denied the appellant's Batson motion.

II.

The appellant argues that the trial court erred in removing two sleeping jurors, from the petit jury, and replacing them with alternate jurors. He contends that "the only two black people were taken off the jury." Additionally, he contends on appeal that "juror misconduct and/or the court's sua sponte ruling related to same, acted to deny defendant his constitutional right to trial by impartial jury."

Although the appellant argued that the trial court erred in removing the jurors, he failed to present to the court his claim concerning juror misconduct, i.e., a claim based on the fact that the two jurors failed to advise the appellant during voir dire that they had problems staying awake. Therefore, the appellant's juror misconduct claim was not preserved for appellate review. See Toombs v. State, 739 So. 2d 550 ((Ala. Crim. App. 1999).

The record reveals that following the testimony of three State's witnesses, the trial court informed both parties that it had noticed two of the jurors "sleeping a good bit." It noted that because the jurors were not paying attention to the evidence, it intended to replace them with the previously selected alternates. Additionally, the record reveals that the trial court took the testimony of Deputy Mike Sitzler, who had been present and watching the jury, and had also observed the sleeping jurors. Deputy Sitzler corroborated the remarks and observations of the trial court, stating that the jurors appeared to be asleep for as much as "two to three minutes" at a time. In response to the appellant's objection, that trial court responded that it was not removing the jurors because of their race, but because they were sleeping. There is no indication from the record that the trial court abused its discretion in removing the jurors. See Carden v. State, 621

3

So. 2d 342 (Ala. Crim. App. 1992) (The trial court is vested with discretion in the conduct of a trial, and this Court will not interfere with the exercise of that discretion unless it clearly appears that there has been an abuse of that discretion.)

III.

The appellant argues that his convictions violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. Specifically, he contends that he received multiple convictions arising out of a single act.

The record indicates, however, that the appellant was convicted of two counts of first-degree robbery, one for the robbery of Ann Murphy and one for the robbery of Jack Murphy. Evidence was presented that each victim was "threatened with the imminent use of force." § 13A-8-43(a)(2), Ala. Code 1975. Ann Murphy testified that one of the robbers put a gun in her face and stated, "you white bitch, I want all of your money before I blow your _____ brains out." Jack Murphy testified that a gun was stuck in his face and he was ordered to "get in the house" or be shot and killed. Herewith two counts of robbery were separate crimes, each requiring proof of a different victim, which constitutes "an element not contained in the other." See Baird v. State, [CR-00-2047, November 11, 2002] ___ So. 2d ___ (Ala. Crim. App. 2002).

IV.

The appellant contends that the trial court erred in its ruling that his wife could be compelled to testify against her will, a violation of § 12-21-227, Ala. Code 1975.

The record indicates that the trial court did, in fact, rule against the appellant's wife and her assertion of the marital privilege. Any error in the trial court's ruling, however, was harmless because the State did not call the appellant's wife to the stand. The record indicates that the appellant's wife did not testify at all during the proceedings. Because the appellant has failed to show any prejudice as a result of the trial court's ruling, his argument is without merit. Rule 45, Ala. R. App. P.

4

V.

The appellant argues that the trial court improperly limited his right to an effective cross-examination of a State's witness, Sheriff Lawton Armstrong, of the Henry County Sheriff's Department. Specifically, he argues that he was not allowed to question Sheriff Armstrong about whether he had any "personal animus towards [him]."

The record does not support the appellant's contention. Defense counsel was allowed to ask the witness whether he held any personal animus towards the appellant. Sheriff Armstrong replied that he did not. Defense counsel then introduced evidence regarding a taped statement that the sheriff had made to the appellant's co-defendant, stating that he "wanted it poured to him." The record is not clear whether the sheriff was referring to the appellant when he made the statement; but the State objected to the admissibility of the evidence on relevancy grounds arguing that the statement was made to the co-defendant and not to the appellant. The State asked that the testimony be excluded from the record. The record indicates, however, that the sheriff's testimony was not, as the appellant argues, excluded from the record over his objection, but was before the jury for its consideration. Moreover, the trial court found that Sheriff Armstrong's testimony was limited to matters that did not directly implicate the appellant. Because the appellant has failed to show any prejudice as a result of any limitations on his right to cross-examine the witness, his argument must fail. Rule 45, Ala. R. App. P.

Additionally, the appellant complains that he was not allowed to question Sheriff Armstrong, on cross-examination, about a "statement regarding a sentencing recommendation for co-defendant Nicholas McKinnon." The record indicates, however, that the trial court would not allow the appellant to ask about out-of-court statements made regarding a non-testifying co-defendant. "The latitude and extent of cross-examination are matters within the sound discretion of the trial court, and in the absence of abuse, that discretion is not reversible on appeal." Ex parte Tyson, 784 So. 2d 357, 365 (Ala. 2000). There was no abuse of the trial court's discretion in this regard.

5

VI.

The appellant argues that the trial court erred in its ruling that the uncorroborated testimony of an accomplice, Nicholas McKinnon, should not be excluded and would be submitted to the jury.

An examination of the record indicates that there was sufficient corroboration of the accomplice testimony to allow the evidence to be presented to the jury for its determination, pursuant to § 12-21-222, Ala. Code 1975. The State presented evidence, excluding the testimony of McKinnon, which connected the appellant to the crimes. Specifically, the State presented the testimony of Tyrone Lindsey, who testified that on the night of the robberies, the appellant came to his house, accompanied by other individuals, including McKinnon. He testified that they arrived in McKinnon's car and proceeded to remove a safe from it. The appellant was present when the safe was broken into and the proceeds divided. Because the witness's testimony connected the appellant with the commission of the offense, it was sufficient to satisfy the requirements of § 12-21-222, Ala. Code 1975. See Ferguson v. State, 814 So. 2d 925, 952 (Ala. Crim. App. 2000); Ware v. State, 409 So. 2d 886, 891 (Ala. Crim. App. 1981) ("Corroborative evidence need not directly connect the accused with the offense, but need only *tend* to do so.")

VII.

The appellant argues that the trial court erred in refusing to given his requested jury instructions, numbers eight and nine, regarding the corroboration testimony necessary to convict.

Because the State presented sufficient evidence corroborating the testimony of the accomplice, any error in the trial court's failing to instruct the jury on the need for corroboration testimony was harmless. See Arthur v. State, 711 So. 2d 1031 (Ala. Crim. App. 1996).

VIII.

The appellant argues that the trial court erred in

6

allowing the prosecutor to make improper comments during closing argument. Specifically, he argues that the prosecutor improperly bolstered the credibility of an accomplice, Nicholas McKinnon, by arguing to the jury that "McKinnon's sentence as a youthful offender was 'confidential' and 'sealed' under law which served to distract the jury from the established documentary and testimony evidence...."

The record indicates that the appellant made the following objection to the prosecutor's comment:

> "The testimony that the Youthful Offender hearing was here in open court, and I heard it. If it's sealed, how do we have the records and all the testimony here?"

Because the prosecutor's closing argument is not contained within the record, the appellant's argument cannot be considered on appellate review. See Rogers v. State, 819 So. 2d 643 (Ala. Crim. App. 2001) (An appellate court cannot predicate error on matters not shown by the record, nor can an appellate court presume error from a silent record. It is the appellant's duty to provide the court with a complete record on appeal.) Ferguson v. State, 814 So. 2d 925 (Ala. Crim. App. 2000) (The Court of Criminal Appeals will not base error on speculation and conjecture.)

IX.

The appellant argues that the trial court erred in giving the State's additional jury instruction, after it had concluded its charge to the jury. He argues that because the additional instruction, wherein the trial court read directly from § 13-8-41(b), Ala. Code 1975, was the last instruction given, "[a] reasonable juror may have interpreted said last substantive instruction ... as being more important, more emphasized, more disposing of disputed evidence concerning a deadly weapon or dangerous instrument and more memorable than earlier unemphasized instructions that favored the defendant."

The record reveals that the appellant's objection made at the trial level was based solely on the grounds that the requested instruction should not have been given because the prosecution failed to request the instruction during the

7

charge conference. Rogers v. State, supra; Perkins v. State, 808 So. 2d 1143 (Ala. Crim. App. 1999) (Specific grounds of objection at trial waive all other grounds raised on appeal.)

X.

The appellant argues that the trial court abused its discretion in sentencing him to two terms of 99 years' imprisonment, to be served consecutively.

The sentence imposed on the appellant, however, fell within the range of sentencing provided by the statute. Robbery in the first degree is a Class A felony, which carries a sentencing range of "life or not more than 99 years or less than 10 years." See § 13A-5-6(a)(1), Ala. Code 1975. "It is well-settled that this Court is without authority to review a sentence so long as the sentence imposed by the trial court is within the limits prescribed by our Legislature." Moreland v. State, 469 So. 2d 1305, 1306 (Ala. 1986).

XI.

The appellant argues that the trial court erred in denying his motion for a judgment of acquittal and his motion for a new trial.

The evidence presented by the State tended to show that the appellant had worked for the victims, Ann and Jack Murphy, had been in their home, and knew the location of their safe. Evidence was presented that the appellant was the only one of the perpetrators involved in the robbery who knew the victims. Nicholas McKinnon testified that the appellant drove them to the victims' home for the purpose of committing the robbery. The perpetrators put socks on their hands and covered their faces, and forced their way, by gunpoint, into the victims' home. Evidence was presented that they ransacked the house and repeatedly threatened to kill each victim. When the perpetrators were unable to open the safe in the victims' residence, they loaded it into their vehicle and left. Tyrone Lindsey testified that the appellant, McKinnon, and others came to his residence on the night of the robbery, unloaded a safe, and proceeded to divide its contents.

In considering the evidence in a light most favorable to

8

the State, as this Court is required to do, the State presented ample evidence which, if believed by the jury, would sustain the guilty verdict. <u>Farrior v. State</u>, 728 So. 2d 691 (Ala. Crim. App. 1998); <u>Whitt v. State</u>, 733 So. 2d 463 (Ala. Crim. App. 1998); <u>Woods v. State</u>, 724 So. 2d 40, 48 ((Ala. Crim. App. 1997).

The judgment of the trial court is affirmed.

AFFIRMED.

Cobb, Baschab, Shaw, and Wise, JJ., concur.