63050
5/7/04
T/S

APPELLATE NO. CR-03-0565

IN THE COURT OF CRIMINAL APPEALS

JOHNNY C. GRACE, JR.

APPELLANT,

vs.

STATE OF ALABAMA,

APPELLEE.

ON APPEAL FROM HENRY COUNTY CIRCUIT COURT

CASE NOS. CC-2002-205 and CC-2002-206

BRIEF OF THE APPELLANT

GREGORY A. DaGIAN
ATTORNEY FOR APPELLANT
406 DOTHAN RD., STE. B
ABBEVILLE, ALABAMA 36310
TELEPHONE: (334) 585-139?
FACSIMILE: (334) 585-139?



EXHIBIT
2A
PENGAD 800-631-6989

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................i

TABLE OF AUTHORITIES............................................................ii

STATEMENT OF THE CASE...........................................................1

STATEMENT OF THE ISSUES.........................................................3

STATEMENT OF THE FACTS..........................................................4

STATEMENT OF THE STANDARD OF REVIEW.............................................6

SUMMARY OF THE ARGUMENT.........................................................7

ARGUMENT I......................................................................8

ARGUMENT II....................................................................11

CONCLUSION.....................................................................14

CERTIFICATE OF SERVICE.........................................................15

STATEMENT CONCERNING FONT AND TYPE STYLE.......................................16

LIST OF ADVERSE RULINGS........................................................17

APPENDIX.......................................................................18

i

## TABLE OF AUTHORITIES

**CASES:**

Ex parte Jackie Lee Hitt,
 778 So.2d 159 (Ala. 2000)................................................9

Hagler v. State,
 625 So.2d 1190 (Ala.Crim.App. 1993)............................12

Rice v. State,
 491 U.S. 784 (Ala.Crim.App. 1986)................................9

**RULES:**

Rule 24.1, Ala.R.Crim.P. ........................................................9

Rule 24.4, Ala.R.Crim.P. ........................................................10

**STATUTES:**

Ala. Code 1975, Sec. 15-18-66................................................11

Ala. Code 1975, Sec. 15-18-67................................................9

## STATEMENT OF THE CASE

Appellant was convicted of two counts of robbery in the first degree by jury verdicts on October 17, 2002. C23. Appellee filed an original "Motion For Restitution" on October 24, 2002. C1. Appellee filed an "Amended Motion For Restitution" and "Motion To Order Payment of Governor's Reward" on November 19, 2002. C3-5. Appellant filed a "Request For Restitution Hearing" on December 3, 2002. C6-7. Appellee filed a "Request For Hearing" concerning restitution on December 30, 2002. C8. Appellant was sentenced on January 23, 2003 to 99 years incarceration, a $5000 fine and $1500 victims compensation fund assessment on each conviction to run consecutively. C24. No restitution was pursued by Appellee even though it had a written pending motion and consequently restitution was not ordered by the Trial Court at sentencing on January 23, 2003. C25. Appellee filed a "Motion For Restitution And Amendment To Previous Motions" on February 18, 2003 wherein it again moved to amend its original "Motion For Restitution" filed October 24, 2002. C9.

After the Henry County Circuit Clerk advised Appellee "that restitution was not ordered in this Defendant's case", Appellee filed a "Motion For Clarification Of Court's Order" (i.e. its March 7, 2003 denial of Appellant's post trial

1

motions) on May 22, 2003. C10-11. On May 22, 2003 the Trial Court ordered restitution ex parte. C25. On May 28, 2003 Appellant filed "Objection To Award Of Restitution Without Hearing." C12-13. In response to Appellant's Objection the Trial Court vacated its ex parte order of resitution of May 22, 2003 and set a restitution hearing. C26. After restitution hearing on December 5, 2003, and over the objections of Appellant, the Trial Court ordered Appellant to pay restitution in the amounts of $5,121.83 to Jack and Ann Murphy, $1,000.00 to Crimestoppers and $5,000.00 to the Governor's Legal Office of the State of Alabama. R4-5. A written order was signed by the Trial Court on December 16, 2003 and filed of record December 19, 2003. C14. Appellant filed a written "Notice of Appeal To The Alabama Court of Criminal Appeals" on January 9, 2004. C15. Thus this appeal.

## STATEMENT OF THE ISSUES

I.   WHETHER THE TRIAL COURT ERRED TO REVERSAL IN ITS ORDERING
     OF ANY RESTITUTION?

II.  WHETHER THE TRIAL COURT ERRED TO REVERSAL IN ITS SPECIFIC
     ORDERING THAT RESTITUTION BE PAID TO CRIMESTOPPERS AND/OR
     THE GOVERNOR'S LEGAL OFFICE OF THE STATE OF ALABAMA?

## STATEMENT OF THE FACTS

Appellant was convicted of two counts of robbery in the first degree by jury verdicts on October 17, 2002. C23. He was sentenced for said crimes on January 23, 2003 where no restitution was pursued at hearing by Appellee even though it had a written pending motion and consequently no restitution was ordered by the Trial Court. C25. Appellee had originally requested restitution by original written motion filed October 24, 2002 which it inexplicably further amended on November 19, 2002, December 3, 2002, December 30, 2002 and February 18, 2003. C1,3-5, 8-9.

On May 22, 2003, 119 days after the January 23, 2003 sentencing hearing was held, Appellee sought an order of restitution which the Trial Court granted ex parte. C10-11, 25. In response, Appellant filed a written objection to the order of restitution on May 28, 2003 wherein he incorporated by reference his December 3, 2002 "Request For Restitution Hearing." C12-13. Appellant objected that it was then too late to order any restitution and that no specific restitution should be ordered to Crimestoppers and/or the Governor's Legal Office of the State of Alabama. C6, 12. The Trial Court

4

vacated its ex parte restitution order of May 22, 2003 and set the matter for hearing.  C26.

At restitution hearing held December 5, 2003 Appellant stated that it was "too late" to order any restitution be paid by Appellant to anyone in any amount and also that Crimestoppers and/or the State of Alabama (Governor's Legal Office) were not victims as defined by the restitution statute and therefore no specific restitution could legally be ordered paid by Appellant to either entity.  R2-4.  At said hearing, the Trial Court ordered Appellant to pay restitution to Jack and Ann Murphy (the victims of the crimes) in the amount of $5121.83 for lost and damaged property and the Trial Court also stated that it "was not using the statute in this case" in ordering Appellant to pay restitution to Crimestoppers in the amount of $1,000.00 and to The Governor's Legal Office of the State of Alabama in the amount of $5,000.00.  R5; C14. Appellant objected to the Trial Court's ruling on the record, which was acknowledged by the Trial Court.  R5.

Appellant filed his written "Notice Of Appeal To The Alabama Court of Criminal Appeals" on January 9, 2004 which initiated this appeal.  C15.

## STATEMENT OF THE STANDARD OF REVIEW

The standard of review for **Issues I** and **II** is whether the trial court abused its discretion.

## SUMMARY OF THE ARGUMENT

Regarding **Issue I**, the Trial Court abused its discretion and erred to reversal in ordering any restitution when it no longer had jurisdiction to do so.

Regarding **Issue II**, the Trial Court abused its discretion and erred to reversal when it failed to follow the restitution statute and deny the payment of restitution to Crimestoppers and/or The Governor's Legal Office of the State of Alabama, both of which fail to meet the statutory criteria of "victim" under the restitution act.

7

I

**THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO REVERSAL WHEN IT ORDERED ANY RESTITUTION WHEN IT NO LONGER HAD JURISDICTION TO DO SO.**

Appellee filed its original Motion For Restitution on October 24, 2002 and inexplicably further amended said motion by further filings on November 19, 2002, December 3, 2002, December 30, 2002 and February 18, 2003.  C1, 3-5, 8-9. Appellant was sentenced on January 23, 2003 where no restitution was pursued at said hearing by Appellee even though it had a written pending motion concerning restitution and consequently no restitution was ordered by the Trial Court at that time.  C25.  119 days after sentencing, after being prompted by the Circuit Clerk of Court that no restitution had ever been ordered, Appellee filed a "Motion For Clarification Of Court's Order" on May 22, 2003 wherein it claimed to request clarification of the Trial Court's March 7, 2003 order denying Appellant's post-trial motions and requested that restitution be ordered.  C10-11.  On May 22, 2003 the Trial Court improperly ordered restitution ex parte.  C25.  In response Appellant filed a written objection to any order of restitution and also any specific restitution ordered paid to Crimestoppers and/or The Governor's Legal Office of the State of Alabama.  C12-13.  The Trial Court vacated its ex parte

8

order and set the matter for hearing.  C26.  After hearing on December 5, 2003, and over the objections of Appellant, the Trial Court ordered restitution when it no longer had jurisdiction to do so.  R2-5.  <u>Ala. Code</u> 1975, Sec. 15-18-67 states in relevant part, "Such restitution hearings shall be held as a matter of course and <u>in addition to any other sentence which it may impose</u>, the court shall order that the defendant make restitution or otherwise compensate such victim for any pecuniary damages."  (Emphasis added).  In <u>Rice v. State</u>, 491 So.2d 1049 (Ala.Crim.App. 1986) this Honorable Court held that the Alabama Legislature intended that restitution be incorporated into the traditional sentencing procedure and that it be imposed as a criminal, not civil, penalty.  The Alabama Supreme Court in <u>Ex parte Jackie Lee Hitt</u>, 778 So.2d 159 (Ala. 2000) held that even though motions to amend or correct a sentence are not specifically mentioned in the Rules of Criminal Procedure such post-trial motions are governed by Rule 24.  Rule 24.1 requires said motion "to be filed no later than (30) days after sentence is pronounced."  Appellee failed to prosecute its written Motion For Restitution at sentencing hearing on January 23, 2003 and further failed to move to amend or correct said sentence within thirty days of January 23, 2003.  C10-11, 24-25.

9

Accordingly, the Court's January 23, 2003 sentence became final after thirty days.

Even if for the sake of argument Appellee's February 18, 2003 "Motion For Restitution And Amendment To Previous Motion" is considered a post-trial motion and not simply an amendment to Appellee's original October 24, 2002 "Motion For Restitution" pursuant to Rule 24.4 "...A failure by the trial court to rule on such a motion within the sixty (60) days allowed by this section shall constitute a denial of the motion as of the sixtieth day..." Said motion would have been denied by operation of Rule 24.4 on April 29, 2003. Appellee did not move that restitution be ordered until May 22, 2003. C10-11. Accordingly, the Trial Court did not have jurisdiction to order restitution on May 22, 2003 or thereafter and abused its discretion and erred to reversal in ordering restitution in these cases.

II

**THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO REVERSAL IN ITS SPECIFIC ORDERING THAT RESTITUTION BE PAID TO CRIMESTOPPERS AND/OR THE GOVERNOR'S LEGAL OFFICE OF THE STATE OF ALABAMA.**

Ala. Code 1975, Sec. 15-18-65 et. seq. governs the payment of restitution to victims of crimes in Alabama. Ala. Code 1975, Sec. 15-18-66(3) defines "restitution" in relevant part as "Full, partial or nominal payment of pecuniary damages to the victim...".  (Emphasis added).  Subsection 4 of said statute defines "victims" in relevant part as "Any person whom the court determines has suffered a direct or indirect pecuniary damage as a result of the defendant's criminal activities."  (Emphasis added).  Subsection 2 of said statute defines "pecuniary damages" in relevant part as "All special damages, which a person shall recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities..."  (Emphasis added.)

The before-mentioned reference to applicable civil law in the restitution act and the plain meaning of the restitution act limit the payment of restitution to a victim that can recover special damages through civil action arising out of the facts or events constituting the defendant's criminal activities.  Other than the actual victim of a crime, insurance companies that contribute to the payment of medical

11

or hospital expenses incurred by the actual victim as a result of criminal conduct may be a "victim" under the restitution act. Hagler v. State, 625 So.2d 1190 (Ala.Crim.App. 1993). Said insurance companies have contractual subrogation rights to stand in the shoes of their insured in a civil suit and therefore satisfy the statutory definition of victim within the context of the statutory provisions for restitution. Crimestoppers and/or The Governor's Legal Office for the State of Alabama could not maintain a civil action and recover special damages against Appellant arising out of his criminal conduct and therefore clearly do not meet the statutory "victim" criteria for coverage under the restitution act. The Trial Court seemed to acknowledge such at the December 5, 2003 restitution hearing but inexplicably stated "I'm not using the statute in this case. I'm ordering restitution directly to the agencies involved." R5. In failing to apply the restitution act in this case the Trial Court abused its discretion and erred to reversal in ordering restitution paid to Crimestoppers and/or The Governor's Legal Office for the State of Alabama.

Moreover, orders of restitution such as in the case at bar to people or entities not contemplated or intended by the restitution act would render said act effectively meaningless by providing restitution to any person or entity that expended

12

financial resources to investigate, apprehend or convict a criminal defendant; a result clearly not contemplated or intended by the Alabama Legislature in promulgating the current restitution act. Is the District Attorney's Office that prosecuted Appellant a "victim" entitled to restitution? Surely not. Are the law enforcement agencies that investigated and apprehended Appellant "victims" entitled to restitution? Surely not. Is the trial judge who tried the case a "victim" entitled to restitution? Surely not. And on and on ad infinitum. But that is the legal Pandora's box that is opened when a trial judge does not apply the plain meaning of the law as in the case at bar. And said legal Pandora's box is opened even wider when said judicial activism is allowed to stand.

## CONCLUSION

For the foregoing reasons, individually and cumulatively, Defendant respectfully seeks from this Honorable Court reversal of the restitution order by the Circuit Court of Henry County in State of Alabama v. Johnny C. Grace, Jr., Case Nos. CC-2002-205 and 206.

Respectfully submitted this 16th day of April, 2004.

GREGORY A. DaGIAN (DAG 003)
Attorney for Appellant
406 Dothan Rd., Ste. B
Abbeville, AL 36310
Telephone: (334) 585-1394
Facsimile: (334) 585-1395

14

## CERTIFICATE OF SERVICE

I certify that I have served an exact copy of the foregoing Brief of Appellant on the Office of the Attorney General, 11 S. Union St., Third Floor, Montgomery, Alabama, 36130, by placing same in the U.S. Mail, properly addressed, with adequate postage affixed thereto this 16th day of April, 2004.

GREGORY A. DaGIAN (DAG 003)
Attorney for Appellant
406 Dothan Rd., Ste. B
Abbeville, AL 36310
Telephone: (334) 585-1394
Facsimile: (334) 585-1395

15

## STATEMENT CONCERNING FONT AND TYPE STYLE

I certify that access to equipment capable of producing print in Courier New 13 font and type is not reasonably available and the font and type style utilized constitutes the closest approximation to Courier New 13 available.

GREGORY A. DaGIAN
Attorney for Appellant

## LIST OF ADVERSE RULINGS

**TRANSCRIPT PAGE**

Restitution ordered Murphys..................................................4-5

Restitution ordered Crimestoppers and
     Governor's Office.............................................................5

## APPENDIX

Rule 24.1, Ala.R.Crim.P.........................................A1

Rule 24.4, Ala.R.Crim.P. ......................................A2

Ala. Code 1975, Sec. 15-18-66.............................A3-4

Ala. Rule 1975, Sec. 15-18-67.............................A5

ed and,
in each
to form

murder in the first degree and fixed punishment at death. The defendant's counsel was not in the courtroom when the jury returned its verdict. No one from the court summoned counsel. The defendant was brought into court to hear the sentence, but the lawyer was absent, and the jury was not polled. The court held that, as a practical matter, the defendant was deprived of his right given under Ala. Code 1975, § 12-16-15, to poll the jury, and, therefore, a reversal of judgment was required and the case remanded.

ll or any
e offense
places on
e jury in

It has been held that the right to poll the jury, when given by statute, is one that may be waived. Brown v. State, 63 Ala. 97, 102 (1897). In Brown, the court held that, in the case of a misdemeanor, where defendant, through his counsel, deliberately consents that in his absence the jury may return a verdict and be discharged, he waives his right of polling the jury.

trial will
.2(c) and
or which

However, in Waller v. State, 40 Ala. 325 (1867), in a felony conviction, the court held, without reference to the statute, that it was erroneous to allow the jury to return their verdict to the clerk during a recess of the court, in the absence of the prisoner, even though his counsel had assented to the procedure in open court. In Brown, the court distinguished Waller, stating that whereas Waller was a conviction for a felony, Brown involved only conviction for a misdemeanor. No mention was made in Waller, however, of the ability to waive the right to poll the jury in a felony case, the court simply stating that counsel could not assent to the verdict's being returned without the defendant present.

in form,
e jurors
nitting

Rule 23.5 also permits the court to have the jury polled on its own initiative. Ala. Code 1975, § 12-16-15, does not include such a provision. The phrase "may be polled" is included in the rule to avoid a possible interpretation that the court is required to poll the jury in the absence of a request from one of the parties.

ing its
ant or
ect to
tried

The second sentence of Rule 23.5, which describes the polling procedure, has been taken from ABA, Standards for Criminal Justice, Trial by Jury 15-4.5 (2d ed. 1986). The poll may be conducted by the trial judge or by the clerk of the court. The jurors are to be questioned individually. Under the rule, each juror is to be asked whether the announced verdict is his verdict. The rules do not prescribe the specific form of the question. The poll should be conducted so as to obtain an unequivocal expression from each juror. According to case law in Alabama, it is not necessary for a juror to answer by word of mouth when being polled. In Brown v. State, 141 Ala. 80, 37 So. 408, 409 (1904), the Alabama Supreme Court held that "[t]he answer may be made as intelligibly and affirmatively by a movement of the head as by words." 141 Ala. at 83.

shall
s own
court,
that
court

The last sentence of Rule 23.5 provides that if there is not "unanimous concurrence," then the Court must direct the jury to retire for further deliberations. In not permitting the Court to discharge the jury, the rule conforms to Ala. Code 1975, § 12-16-15, which provides that if there is not concurrence among all the jurors, then "the jury must be sent out for further deliberation." The Advisory Committee disagreed with the reasoning of the Commentary to ABA, Standards for Criminal Justice, Trial by Jury 15-4.5 (2d ed. 1986), which would give the judge discretion to grant a mistrial rather than send the jury out for further deliberations.

, each
before
her it
jurors
79 Pa.

a law
n the

Tense
lty of

## Rule 24.

## Post-trial motions.

*Rule 24.1. Motion for new trial.*

(a) POWER OF THE COURT. When the defendant has been sentenced, the court, on motion of the defendant or on its own motion, may order a new trial.

(b) TIMELINESS. A motion for a new trial must be filed no later than thirty (30) days after sentence is pronounced. After a denial of a motion for a new trial, the previously filed notice of appeal shall be deemed to have been filed as of the date of the denial of the motion and shall include an appeal from the denial of the motion.

(c) GROUNDS. The court may grant a new trial:

(1) For the reason that the verdict is contrary to law or to the weight of the evidence; or

(2) If for any other reason the defendant has not received a fair and impartial trial.

it required, in order to perfect its filing, that the motion be set for a date certain.

**Editor's note.** — Former similar law: ARCrP, Temporary Rule 13(c).

### CASE NOTES

Jurisdiction.
Legislative intent.
Cited.

**Jurisdiction.**
The position of the trial judge that the court had no jurisdiction to amend the sentence imposed because of the fact that the motion had not been brought to the attention of the court is in conflict with this rule. Pickron v. State, 475 So. 2d 593 (Ala. Crim. App. 1984), aff'd, 475 So. 2d 599 (Ala. 1985).

**Legislative intent.**
Because a motion to modify a sentence is one

made after the trial, it should be treated as one that need not be presented to the trial judge within 30 days. It was the intent of this rule to abrogate the necessity of presenting post-judgment motions in criminal cases to the judge and entering orders continuing the motions in order to keep them alive. Pickron v. State, 475 So. 2d 599 (Ala. 1985).

**Cited** in Blackwell v. State, 556 So. 2d 1091 (Ala. Crim. App. 1988).

*Rule 24.4. Denial by operation of law.*

No motion for new trial or motion in arrest of judgment shall remain pending in the trial court for more than sixty (60) days after the pronouncement of sentence, except as provided in this section. A failure by the trial court to rule on such a motion within the sixty (60) days allowed by this section shall constitute a denial of the motion as of the sixtieth day; provided, however, that with the express consent of the prosecutor and the defendant or the defendant's attorney, which consent shall appear in the record, the motion may be carried past the sixtieth day to a date certain; if not ruled upon by the trial court as of the date to which the motion is continued, the motion is deemed denied as of that date, unless it has been continued again as provided in this section. The motion may be continued from time to time as provided in this section.

**Editor's note.** — Former similar law: ARCrP, Temporary Rule 13(d).

### CASE NOTES

Consent.
Construction with other law.
"Date certain."
Hearing.
Jurors.
Probation.
Reversal.
Review.
Miscellaneous.
Cited.

**Consent.**
In order for the party's consent to a continuance to be adequately proven, the record must expressly show that such consent was given. Hooper v. State, 523 So. 2d 469 (Ala. Crim. App. 1986), cert. denied, 501 U.S. 1232, 111 S. Ct. 2857, 115 L. Ed. 2d 1024 (1991), 503 U.S. 920, 112 S. Ct. 1295 , 117 L. Ed. 2d 517 (1992).
Where it was unclear whether the proceedings were extended beyond the 60 days allowed in Ala. R. Crim. P. 24.4 by express agreement of

§ 15-18-65

e the public

§ 1771 et seq.
of restitution to
state criminal

he court in a
a crime victim
ng inflicted by
loes not mean
civil action to
State, 644 So.

he full amount
tially covered
State, 456 So.
aff'd sub nom.
? (Ala. 1984),
and entering
e cause of the
therefore, the
defendant to
damaged by
2d 317 (Ala.

stitution for
a victim may
though tradi-
e considered
Gladden v.
. App. 1993).

h in the trial
at $15,000.
. 1984).
is a matter
ost totally to
at discretion
in cases of
v. State, 574
).

to pertinent
m to recover
ncurred due
ct. Whether
r addressed
nd absent a
ling will not
ate, 608 So.

: sentencing

---

§ 15-18-66                 SENTENCE AND PUNISHMENT                § 15-18-66

hearing showed that the victim's medical bills, her lost wages, and loss of property totaled $10,545.00, any award in excess of that amount was intended to compensate the victim for her pain and suffering and was therefore unlawful. Franks v. State, 644 So. 2d 1277. (Ala. Crim. App. 1993).

**Evidence — Sufficient.**

Amount of restitution imposed on the defendant upon his conviction for manslaughter which was equal in amount to the damages the victim's family testified that they had suffered held to be compensatory and not punitive. Ellis v. State, 641 So. 2d 333 (Ala. Crim. App. 1994).

**Hearing.**

The purpose of a restitution hearing is to arrive at a precise amount of restitution due a victim because of a defendant's acts, so that the victim may be fully compensated. The purpose is not to punish the defendant. Because the purpose of these hearings is to compensate, evidence must be presented concerning the exact nature of the victim's damage or loss. Williams v. State, 624 So. 2d 661 (Ala. Crim. App. 1993).

**Legislative intent.**

The purpose of the legislature in passing the restitution act was to fully compensate victims of crimes who suffer "any pecuniary loss, damage or injury as a direct or indirect result" of a criminal act. Strough v. State, 501 So. 2d 488 (Ala. Crim. App. 1986).

It was the intent of the legislature that victims be fully compensated through restitution. Wiggins v. State, 513 So. 2d 73 (Ala. Crim. App. 1987).

**Restitution.**

Where the defendant argued that the special damages that the victim is entitled to under this section were limited to an amount which fully compensated the victim, and the damages may not be punitive in nature, and that the order of restitution resulting from a manslaughter conviction was punitive only and

therefore prohibited; the particular amount of restitution is a matter which must of necessity be left almost totally to the discretion of the trial judge. Kyser v. State, 513 So. 2d 68 (Ala. Crim. App. 1987).

Trial court erred in ordering restitution to victim who was shot by defendant, where crime for which defendant was charged and convicted was the shooting of another; the victim suffered a loss which resulted from conduct that was not the subject of the defendant's prosecution. Day v. State, 557 So. 2d 1318 (Ala. Crim. App. 1989).

**Retroactivity.**

Trial judge erred when he ordered the defendant to pay restitution under Alabama's new criminal restitution statute, approved May 28, 1980, where the crime was committed in December 1979; thus, defendant's sentence was an ex post facto application of that statute in violation of Article I, § 10, of the Constitution of the United States, and Article I, § 7, Constitution of Alabama 1901. Cox v. State, 394 So. 2d 103 (Ala. Crim. App. 1981).

**Illustrative cases.**

Under the facts in this case there was no justifiable reason why the defendant should not be responsible for fully compensating the victim. Wiggins v. State, 513 So. 2d 73 (Ala. Crim. App. 1987).

Even though defendant did not take tools from a van he stole and abandoned, a reasonable person could have foreseen or anticipated the possibility of theft of property from an abandoned van. Richardson v. State, 603 So. 2d 1132 (Ala. Crim. App. 1992).

Cited in St. Paul Fire & Marine Ins. Co. v. Cox, 583 F. Supp. 1221 (N.D. Ala. 1984), aff'd, 752 F.2d 550 (11th Cir. 1985); Henry v. State, 468 So. 2d 896 (Ala. Crim. App. 1984); Patzka v. State, 481 So. 2d 438 (Ala. Crim. App. 1985); Simmons v. State, 574 So. 2d 1046 (Ala. Crim. App. 1990); Williams v. State, 624 So. 2d 659 (Ala. Crim. App. 1992); Howard v. State, 639 So. 2d 555 (Ala. Crim. App. 1993).

## § 15-18-66. Definitions.

As used in this article, the following words and terms shall have the meanings respectively ascribed by this section:

(1) CRIMINAL ACTIVITIES. Any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant.

(2) PECUNIARY DAMAGES. All special damages which a person shall recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities; the term shall include, but not be limited to the money or other equivalent of property taken, broken, destroyed, or otherwise used or harmed and losses such as travel, medical,

467
A3

§ 15-18-66                    CRIMINAL PROCEDURE                    § 15-18-66

dental or burial expenses and wages including but not limited to wages lost as a result of court appearances.

(3) RESTITUTION. Full, partial or nominal payment of pecuniary damages to the victim or to its equivalent in services performed or work or labor done for the benefit of the victim as determined by the court of record.

(4) VICTIM. Any person whom the court determines has suffered a direct or indirect pecuniary damage as a result of the defendant's criminal activities. "Victim" shall not include any participant in the defendant's criminal activities.

History. Acts 1980, No. 80-588.

## CASE NOTES

General comment.
Construction with other law.
Damages.
Discretion.
Evidence — Generally.
Hearing.
Illustrative cases.
Cited.

**General comment.**

Term "victim" within meaning of this section may be construed to encompass persons who were not necessarily the primary object of defendant's criminal conduct. Day v. State, 557 So. 2d 1318 (Ala. Crim. App. 1989).

Insurance company that contributes to the payment of medical or hospital expenses incurred by the victim as a result of a defendant's wrongful conduct may be a "victim" within the context of the statutory provisions for restitution in Alabama. Hagler v. State, 625 So. 2d 1190 (Ala. Crim. App. 1993).

**Construction with other law.**

According to § 15-18-65, the court in a criminal action may not award a crime victim restitution for pain and suffering inflicted by the defendant, however, this does not mean that the victim may not bring a civil action to recover such damages. Franks v. State, 644 So. 2d 1277 (Ala. Crim. App. 1993).

**Damages.**

Restitution can be ordered in the full amount even if the victims had been partially covered by insurance proceeds. Duncan v. State, 456 So. 2d 359 (Ala. Crim. App. 1983), aff'd sub nom. Ex parte Duncan, 456 So. 2d 362 (Ala. 1984).

Defendant's acts of breaking and entering and committing theft were not the cause of the burning of the victim's house; therefore, the trial court erred in ordering the defendant to pay restitution for the property damaged by arson. Brothers v. State, 531 So. 2d 317 (Ala. Crim. App. 1988).

Statutes which provide for restitution for crime victims do not provide that a victim may recover for pain and suffering, although traditionally pain and suffering are considered within compensatory damages. Gladden v. State, 644 So. 2d 1267 (Ala. Crim. App. 1993).

**Discretion.**

There was no abuse of discretion in the trial court's order setting restitution at $15,000. Clare v. State, 456 So 2d 357 (Ala. 1984).

The restitution act by reference to pertinent Alabama civil law, permits a victim to recover all reasonable expenses that are incurred due to the defendant's wrongful conduct. Whether an expense is reasonable is a matter addressed to the discretion of the trial court, and absent a clear abuse of that discretion, its ruling will not be reversed on appeal. Butler v. State, 608 So. 2d 773 (Ala. Crim. App. 1992).

**Evidence — Generally.**

Where evidence presented at the sentencing hearing showed that the victim's medical bills, her lost wages, and loss of property totaled $10,545.90, any award in excess of that amount was intended to compensate the victim for her pain and suffering and was therefore unlawful. Franks v. State, 644 So. 2d 1277 (Ala. Crim. App. 1993).

**Hearing.**

The purpose of a restitution hearing is to arrive at a precise amount of restitution due a victim because of a defendant's acts, so that the victim may be fully compensated. The purpose is not to punish the defendant. Because the purpose of these hearings is to compensate, evidence must be presented concerning the exact nature of the victim's damage or loss. Williams v. State, 624 So. 2d 661 (Ala. Crim. App. 1993).

**Illustrative cases.**

Defendant's wife is not entitled to compensa-

468
A4

tion for the defendant's lost wages while he is incarcerated. Murphy v. State, 641 So. 2d 1256 (Ala. Crim. App. 1993).

**Cited** in Welcher v. State, 504 So. 2d 360 (Ala. Crim. App. 1987); Harris v. State, 542 So. 2d 1312 (Ala. Crim. App. 1989).

## § 15-18-67. Hearings.

When a defendant is convicted of a criminal activity or conduct which has resulted in pecuniary damages or loss to a victim, the court shall hold a hearing to determine the amount or type of restitution due the victim or victims of such defendant's criminal acts. Such restitution hearings shall be held as a matter of course and in addition to any other sentence which it may impose, the court shall order that the defendant make restitution or otherwise compensate such victim for any pecuniary damages. The defendant, the victim or victims, or their representatives or the administrator of any victim's estate as well as the district attorney shall have the right to be present and be heard upon the issue of restitution at any such hearings.

**History.** Acts 1980, No. 80-588; Acts 1981, No. 81-653.

## CASE NOTES

General comment.
Damages.
Notice.
Right to counsel.
Witnesses.
Illustrative cases.
Cited.

**General comment.**

District attorney and defense counsel cannot get around the requirements of this section by simply omitting to agree on any amount as restitution. Humber v. State, 481 So. 2d 452 (Ala. Crim. App. 1985).

Since it is the intent of the legislature that victims be fully compensated through restitution, the defendant may be ordered to pay the funeral expenses of the victim. Under the collateral source doctrine, damages recovered by a party are not diminished because the injured party has been compensated for the loss by insurance or other such payment. The victim's sister is not required to prove that she actually paid the expenses claimed as damages but only that she was liable for payment of them. Varner v. State, 497 So. 2d 1135 (Ala. Crim. App. 1986).

Restitution hearings held pursuant to this section are a component of criminal sentencing proceeding; therefore, defendants have right to presence of counsel at these hearings. Hill v. Bradford, 565 So. 2d 208 (Ala. 1990).

The purpose of a restitution hearing is to arrive at a precise amount of restitution due a victim because of a defendant's acts, so that the victim may be fully compensated. The purpose

is not to punish the defendant. Because the purpose of these hearings is to compensate, evidence must be presented concerning the exact nature of the victim's damage or loss. Williams v. State, 624 So. 2d 661 (Ala. Crim. App. 1993).

Restitution is in addition to any sentence that might be imposed. Alford v. State, 651 So. 2d 1109 (Ala. Crim. App. 1994).

**Damages.**

Defendant is entitled to a hearing at which legal evidence is introduced to determine the precise amount of restitution due the victim. Alford v. State, 651 So. 2d 1109 (Ala. Crim. App. 1994).

**Notice.**

This section does not contain a notice requirement; therefore, the holding of a restitution hearing by the trial court without prior notice to the defendant is not an abuse of discretion absent a showing of prejudice. Alford v. State, 651 So. 2d 1109 (Ala. Crim. App. 1994).

**Right to counsel.**

The defendant has the right to the presence of counsel at a restitution hearing. Williams v. State, 506 So. 2d 368 (Ala. Crim. App. 1986).

In the absence of waiver of counsel or a stipulation by the parties as to the amount of restitution, the trial court could not legally order restitution in the absence of appellant's counsel. Mace v. State, 574 So. 2d 886 (Ala. Crim. App. 1990).

469
A5

CR-03-0565

FILED

MAY 1 4 2004

CLERK
ALA COURT CRIMINAL APPEALS

## In the COURT of CRIMINAL APPEALS
## Of ALABAMA

◆

JOHNNY C. GRACE, JR.,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

◆

On Appeal From the Circuit Court of
Henry County (CC-02-205, CC-02-206)

**BRIEF OF APPELLEE**

Troy King
*Attorney General*

J. Thomas Leverette
*Deputy Attorney General*

G. Ward Beeson, III
*Assistant Attorney General*
Counsel of Record*

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300*

May 14, 2004

CR-03-0565

In the *COURT of CRIMINAL APPEALS*
*Of ALABAMA*

JOHNNY C. GRACE, JR.,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

On Appeal From the Circuit Court of
Henry County (CC-02-205, CC-02-206)

**BRIEF OF APPELLEE**

Troy King
*Attorney General*

J. Thomas Leverette
*Deputy Attorney General*

G. Ward Beeson, III
*Assistant Attorney General*
Counsel of Record*

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300*

May 14, 2004

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not desired by the State.

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT............................ i

TABLE OF CONTENTS........................................... ii

TABLE OF CASES AND AUTHORITIES............................. iii

STATEMENT OF THE CASE AND FACTS............................. 1

ISSUE PRESENTED FOR REVIEW.................................. 1

STANDARD OF REVIEW......................................... 1

SUMMARY OF THE ARGUMENT.................................... 2

ARGUMENT................................................... 2

The Trial Court Properly Ordered Restitution to
Crimestoppers and the Governor's Office for Rewards
Leading to Grace's Arrest.................................. 2

    A.   The court had jurisdiction......................... 2

    B.   Crimestoppers and the Governor's Office are
       victims........................................... 4

CONCLUSION................................................. 5

CERTIFICATE OF SERVICE..................................... 6

## TABLE OF CASES AND AUTHORITIES

**Cases**

Dollar v. State, 687 So. 2d 209, 210-211 (Ala. 1996)...... 3

Hagler v. State, 625 So. 2d 1190, 1191 (Ala. Crim.
   App. 1993) ................................................ 4

Hill v. Bradford, 565 So. 2d 208, 210 (Ala. 1990)......... 2

Matter of Welfare of D.D.G., 532 N.W.2d 279, 282-283
   (Minn. Ct. App. 1995) ................................... 4

People v. Dillingham, 881 P.2d 440, 441-442 (Colo.
   Ct. App. 1994) .......................................... 5

People v. Fizzell, No. 127827, 2003 WL 1091909, at *2
   (Cal. Ct. App. Mar. 13, 2003) ........................... 5

State v. Hazlitt, 713 P.2d 617, 619 (Or. Ct. App. 1986)... 5

State v. Redmon, CR-03-0104, 2004 WL 102876, at *2
   (Ala. Crim. App. Jan. 23, 2004) ......................... 2

Strough v. State, 501 So. 2d 488, 492 (Ala. Crim.
   App. 1986) .............................................. 4

**A.R.Crim.P.**

Rule 29.................................................... 3

## STATEMENT OF THE CASE AND FACTS

This is an appeal of an order of restitution.  On October 17, 2002, Defendant Johnny C. Grace, Jr. (Grace) was convicted of robbery in the first degree.  (C. 23)  On January 23, 2003, he was sentenced to 99 years in prison. (C. 25)

On December 5, 2003, a restitution hearing was held (Circuit Court of Henry County, the Honorable Lawson Little presiding).  (R. 2)  A restitution order was issued on December 16, 2003.  (C. 14)  Grace filed this appeal on January 9, 2004.  (C. 15)

## ISSUE PRESENTED FOR REVIEW

Did the trial court properly order restitution to Crimestoppers and the Governor's Office for rewards leading to Grace's arrest?

## STANDARD OF REVIEW

The standard of review on an order of restitution is clear and fragrant abuse of discretion.  Morgan v. State, 589 So. 2d 1315, 1321 (Ala. Crim. App. 1991).

## SUMMARY OF THE ARGUMENT

Grace's claim that the trial court had no jurisdiction to order restitution is without merit. The court amended its sentencing order omitting restitution which was not final or an oversight, or, regardless, restitution can be ordered more than 30 days after sentencing. Grace's claim that Crimestoppers and the Governor's Office are not victims entitled to restitution for rewards leading to his arrest is without merit. They paid the rewards because of his criminal activity.

## ARGUMENT

**The Trial Court Properly Ordered Restitution to Crimestoppers and the Governor's Office for Rewards Leading to Grace's Arrest.[1]**

**A.   The court had jurisdiction.**

This Court most recently restated the principle from Hill v. Bradford, 565 So. 2d 208, 210 (Ala. 1990) that "[a] trial court retains jurisdiction to hold a restitution hearing more than 30 days after the date of sentencing" in State v. Redmon, CR-03-0104, 2004 WL 102876, at *2 (Ala. Crim. App. Jan. 23, 2004). It was ultimately determined in that case that the restitution order could be amended

---

[1]See, § 15-9-1, providing for Governor's rewards.

2

because it was not final.  Id.  The Supreme Court of Alabama has also held that adding restitution for another party outside the 30 days is an oversight that can be corrected under Rule 29, A.R.Crim.P.  Dollar v. State, 687 So. 2d 209, 210-211 (Ala. 1996).

The State filed motions for restitution on October 24 and November 19, 2002.  (C. 1, 3)  Grace was sentenced on January 23, 2003.  (C. 25)  The trial court indicated at the restitution hearing that he intended to order restitution but failed to do so at sentencing because there was a dispute about it that had to be resolved by the parties.  (R. 4)  On March 7, 2003, the court entered a case action summary notation:  "All motions denied."  (C. 25)  The prosecutor pointed out at the restitution hearing that there had been several post-judgment motions filed by Grace.  (C. 24; R. 3)  When the State filed a motion to clarify the order regarding restitution on May 22, 2003 (C. 10), the court immediately set it aside and granted the State's restitution motions the next day.  (C. 25)  When Grace objected to restitution without a hearing on May 28, 2003 (C. 12), the hearing was held on December 5, 2003.  (R. 2)

3

Therefore, whether the trial court's sentencing order omitting restitution is viewed as not final, or an oversight, or otherwise, it acted within its jurisdiction.

**B.   Crimestoppers and the Governor's Office are victims.**

This Court has stated:

> The purpose of the legislature in passing the restitution act was to fully compensate victims of crime who suffer "*any* pecuniary loss, damage or injury as a direct or *indirect* result" of a criminal act.  § 15-18-65, Code of Alabama 1975. (Emphasis supplied). The term "victim" is broadly defined by the Statute to include "[a]ny person who the court determines has suffered a direct or indirect pecuniary damage as a result of the defendant's criminal activities."  § 15-18-66(4), Code of Alabama 1975.

Strough v. State, 501 So. 2d 488, 492 (Ala. Crim. App. 1986).  Moreover, "'[w]e have construed "victim" to encompass persons who were not necessarily the primary object of the defendant's criminal conduct.' Butler v. State, 608 So. 2d 773, 775 (Ala.Cr.App.1992)."  Hagler v. State, 625 So. 2d 1190, 1191 (Ala. Crim. App. 1993).

Although whether rewards are recoverable in restitution is apparently a case of first impression in Alabama, at least five other jurisdictions having similar restitution statutes have determined that they are, Matter of Welfare of D.D.G., 532 N.W.2d 279, 282-283 (Minn. Ct. App. 1995);

4

People v. Dillingham, 881 P.2d 440, 441-442 (Colo. Ct. App. 1994), People v. Fizzell, No. 127827, 2003 WL 1091909, at *2 (Cal. Ct. App. Mar. 13, 2003) (unpublished); including one which appears to have adopted a version of the same statute as our own with slight modifications, State v. Hazlitt, 713 P.2d 617, 619 (Or. Ct. App. 1986). As was explained in D.D.G., "the payment of the reward constitutes 'damages incurred' because of appellant's conduct." 532 N.W.2d at 282.

## CONCLUSION

Based on the foregoing, Grace's order of restitution should be affirmed.

Respectfully submitted,

Troy King (KIN047)
Attorney General

G. Ward Beeson, III (BEE008)
Assistant Attorney General

5

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>14th</u> day of May, 2004, I did serve a copy of the foregoing on the attorney for Grace, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

> Gregory A. DaGian
> 406 Dothan Road
> Suite B
> Abbeville, Alabama  36310

G. Ward Beeson, III (BEE008)
Assistant Attorney General

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300

148554

6

Beeson
63050

APPELLATE NO.  CR-03-0565

IN THE COURT OF CRIMINAL APPEALS


JOHNNY C. GRACE, JR.,

     APPELLANT,

        vs.

STATE OF ALABAMA,

     APPELLEE.


ON APPEAL FROM HENRY COUNTY CIRCUIT COURT

CASE NOS. CC-2002-205 and CC-2002-206

REPLY BRIEF OF THE APPELLANT


GREGORY A. DaGIAN
ATTORNEY FOR APPELLANT
406 DOTHAN RD., STE. B
ABBEVILLE, ALABAMA  36310
TELEPHONE: (334) 585-1394
FACSIMILE: (334) 585-1395

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................  i

TABLE OF AUTHORITIES...........................................  ii

STATEMENT OF THE CASE.........................................  1

STATEMENT OF THE ISSUES.......................................  3

STATEMENT OF THE FACTS.........................................  4

STATEMENT OF THE STANDARD OF REVIEW.......................  6

SUMMARY OF THE ARGUMENT.....................................  7

ARGUMENT I......................................................  8

ARGUMENT II....................................................  11

CONCLUSION.....................................................  13

CERTIFICATE OF SERVICE........................................  14

STATEMENT CONCERNING FONT AND TYPE STYLE...............  15

i

## TABLE OF AUTHORITIES

**CASES**:

Brown v. State,
 376 So.2d 1382 (Ala.Crim.App.1979)...............................

Dollar v. State,
 687 So.2d 209 (Ala.1996)....................................................

Hill v. Bradford,
 565 U.S. 208 (Ala.1990).....................................................

Jolly v. State,
 689 So.2d 986 (Ala.Crim.App. 1996)................................

Matter of Welfare of D.D.G.,
 532 N.W.2d 279 (Minn.Ct.App. 1995)..............................

Morgan v. State,
 589 So.2d 1315 (Ala.Crim.App. 1991).............................

People v. Dillingham,
 881 P.2d 440 (Colo.Ct.App. 1994)...................................

People v. Fizzell,
 No. 127827, 2003 WL 1091909 at *2 (Cal.Ct.App Mar.13,
 2003) (unpublished)...........................................................

People v.Johnson,
 60 Mich.App. 371, 230 N.W.2d 438 (1975).......................

State v. Hazlitt,
 713 P.2d 617 (Or.Ct.App. 1986).......................................

State v. Redmon,
 CR-03-0104, 2004 WL 102876, at *2 (Ala.Crim.App. Jan. 23,
 2004)


**CONSTITUTIONAL PRINCIPLES**:

amend V, U.S. Constitution................................................................

amend XIV, U.S. Constitution.............................................................

## STATEMENT OF THE CASE

Appellant was convicted of two counts of robbery in the first degree by jury verdicts on October 17, 2002. C23. Appellee filed an original "Motion For Restitution" on October 24, 2002. C1. Appellee filed an "Amended Motion For Restitution" and "Motion To Order Payment of Governor's Reward" on November 19, 2002. C3-5. Appellant filed a "Request For Restitution Hearing" on December 3, 2002. C6-7. Appellee filed a "Request For Hearing" concerning restitution on December 30, 2002. C8. Appellant was sentenced on January 23, 2003 to 99 years incarceration, a $5000 fine and $1500 victims compensation fund assessment on each conviction to run consecutively. C24. No restitution was pursued by Appellee even though it had a written pending motion and consequently restitution was not ordered by the Trial Court at sentencing on January 23, 2003. C25. Appellee filed a "Motion For Restitution And Amendment To Previous Motions" on February 18, 2003 wherein it again moved to amend its original "Motion For Restitution" filed October 24, 2002. C9.

After the Henry County Circuit Clerk advised Appellee "that restitution was not ordered in this Defendant's case", Appellee filed a "Motion For Clarification Of Court's Order" (i.e. its March 7, 2003 denial of Appellant's post trial

1

motions) on May 22, 2003. C10-11. On May 22, 2003 the Trial Court ordered restitution ex parte. C25. On May 28, 2003 Appellant filed "Objection To Award Of Restitution Without Hearing." C12-13. In response to Appellant's Objection the Trial Court vacated its ex parte order of resitution of May 22, 2003 and set a restitution hearing. C26. After restitution hearing on December 5, 2003, and over the objections of Appellant, the Trial Court ordered Appellant to pay restitution in the amounts of $5,121.83 to Jack and Ann Murphy, $1,000.00 to Crimestoppers and $5,000.00 to the Governor's Legal Office of the State of Alabama. R4-5. A written order was signed by the Trial Court on December 16, 2003 and filed of record December 19, 2003. C14. Appellant filed a written "Notice of Appeal To The Alabama Court of Criminal Appeals" on January 9, 2004. C15. Thus this appeal.

2

## STATEMENT OF THE ISSUES

I.    WHETHER THE TRIAL COURT ERRED TO REVERSAL IN ITS ORDERING
      OF ANY RESTITUTION?

II.   WHETHER THE TRIAL COURT ERRED TO REVERSAL IN ITS SPECIFIC
      ORDERING THAT RESTITUTION BE PAID TO CRIMESTOPPERS AND/OR
      THE GOVERNOR'S LEGAL OFFICE OF THE STATE OF ALABAMA?

## STATEMENT OF THE FACTS

Appellant was convicted of two counts of robbery in the first degree by jury verdicts on October 17, 2002. C23. He was sentenced for said crimes on January 23, 2003 where no restitution was pursued at hearing by Appellee even though it had a written pending motion and consequently no restitution was ordered by the Trial Court. C25. Appellee had originally requested restitution by original written motion filed October 24, 2002 which it inexplicably further amended on November 19, 2002, December 3, 2002, December 30, 2002 and February 18, 2003. C1,3-5, 8-9.

On May 22, 2003, 119 days after the January 23, 2003 sentencing hearing was held, Appellee sought an order of restitution which the Trial Court granted ex parte. C10-11, 25. In response, Appellant filed a written objection to the order of restitution on May 28, 2003 wherein he incorporated by reference his December 3, 2002 "Request For Restitution Hearing." C12-13. Appellant objected that it was then too late to order any restitution and that no specific restitution should be ordered to Crimestoppers and/or the Governor's Legal Office of the State of Alabama. C6, 12. The Trial Court

4

vacated its ex parte restitution order of May 22, 2003 and set the matter for hearing.  C26.

At restitution hearing held December 5, 2003 Appellant stated that it was "too late" to order any restitution be paid by Appellant to anyone in any amount and also that Crimestoppers and/or the State of Alabama (Governor's Legal Office) were not victims as defined by the restitution statute and therefore no specific restitution could legally be ordered paid by Appellant to either entity.  R2-4.  At said hearing, the Trial Court ordered Appellant to pay restitution to Jack and Ann Murphy (the victims of the crimes) in the amount of $5121.83 for lost and damaged property and the Trial Court also stated that it "was not using the statute in this case" in ordering Appellant to pay restitution to Crimestoppers in the amount of $1,000.00 and to The Governor's Legal Office of the State of Alabama in the amount of $5,000.00.  R5; C14. Appellant objected to the Trial Court's ruling on the record, which was acknowledged by the Trial Court.  R5.

Appellant filed his written "Notice Of Appeal To The Alabama Court of Criminal Appeals" on January 9, 2004 which initiated this appeal.  C15.

5

## STATEMENT OF THE STANDARD OF REVIEW

The standard of review for **Issues I** and **II** is whether the trial court abused its discretion.

## SUMMARY OF THE ARGUMENT

Regarding **Issue I**, a trial court in a criminal matter cannot order restitution at anytime after sentencing, absent reservation of jurisdiction or legitimate correction of clerical error, without exceeding its authority jurisdictionally and/or violating constitutional principles of double jeopardy or due process.

Regarding **Issue II**, Crimestoppers and the Governor's Office of the State of Alabama are not victims as presently defined by Alabama's restitution statute entitled to restitution to recover rewards paid by these respective entities.

<u>I</u>

**THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED
TO REVERSAL WHEN IT ORDERED ANY RESTITUTION.**

Appellee contends the trial court had jurisdiction or
authority to order restitution in this case on May 22, 2003 or
thereafter (Defendant had been sentenced January 23, 2003
without any order of restitution) and cites as legal authority
the cases <u>Hill v. Bradford</u>, 565 So.2d 208 (Ala. 1990), <u>State
v. Redmon</u>, CR-03-0104, 2004 WL 102876, at *2 (Ala.Crim.App.
Jan. 23, 2004) and <u>Dollar v. State</u>, 687 So.2d 209 (Ala. 1996).

Appellee contends the "principle from <u>Hill v. Bradford</u>,
565 So.2d 208 (Ala. 1990) that '[a] trial court retains
jurisdiction to hold a restitution hearing more than 30 days
after the date of sentencing'" serves as binding legal
precedent that allows trial courts in Alabama to order
restitution at anytime after sentencing. The aforementioned
"principle" was mere dicta in <u>Hill</u> and is therefore not
binding legal precedent. Rather, the legal holding of the
<u>Hill</u> case which required its reversal was that an indigent
criminal defendant is entitled to appointed counsel at a
restitution hearing. <u>Hill v. Bradford</u>, 565 So.2d 208, 210
(Ala. 1990).

In <u>Jolly v. State</u>, 689 So.2d 986, 988 (Ala.Crim.App.
1996) this Court acknowledged that the allowance of restiution

orders at anytime "conflicts with other Alabama case law" and "[t]he tardy imposition of restitution in Hill and in the present case in effect increased each appellant's respective sentence." This Court opined that "the Hill ruling appears to contravene the constitutional principles of double jeopardy and due process" and citing Brown v. State, 376 So.2d 1382, 1391 (Ala.Crim.App 1979) further stated:

> "It is more consonant, we think, with the spirit
> of the concept of due process of law and the
> prohibition of double jeopardy, to say that when
> a valid sentence has been imposed, deliberately
> and intentionally, formal allocution has been
> conducted, and judgment of conviction and
> sentence entered of record, it cannot, in the
> absence of fraud or another (compelling) reason...
> be so changed at any time thereafter as to increase
> the severity of the sentence..."

As noted in Brown, "once a valid sentence is imposed upon a defendant, the trial court loses the power" to increase that sentence. Id. at 1385 (quoting People v. Johnson, 60 Mich.App. 371, 230 N.W.2d 438 (1975).

The State v. Redmon, CR-03-0194, 2004 WL 102876, at *2 (Ala.Crim.App. Jan. 23, 2004) decision is clearly distinguishable from the case at bar and is therefore not binding precedent as the trial court in Redmon refused to amend an existing restitution order after completion of medical treatment for an actual victim even though the court had specifically reserved jurisdiction for that very purpose.

9

In the case at bar restitution was inexplicably not pursued by the State at the sentencing hearing held January 23, 2003, even though it had filed a written motion concerning same, and no restitution was ordered by the Court at that time and consequently the Court's January 23, 2003 sentencing order became final after the passage of 30 days.

The case at bar clearly is <u>not</u> a <u>Dollar v. State</u>, 687 So.2d 209 (Ala. 1996) situation allowing the correction of a "clerical error" by the court at any time pursuant to Rule 29, A.R.Crim.P.    Contrary to the desperate win at all cost assertion by Appellee in its brief, the trial court <u>NEVER</u> indicated at the restitution hearing (as reflected in the hearing transcript or otherwise) or at any other time that he intended to order restitution but failed to do so at sentencing because there was a dispute about it that had to be resolved by the parties.    R4.    The only intent expressed by the trial court was that he was "not using the statute" (i.e., restitution statute) in ordering payments to Crimestoppers and the Governor's Office of the State of Alabama.    R5.    The before-mentioned stated intention of total disregard for controlling applicable law constitutes a clear and fragrant abuse of discretion.    <u>Morgan v. State</u>, 589 So.2d 1315, 1321 (Ala.Crim.App. 1991).

## II

**THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO REVERSAL IN ITS SPECIFIC ORDERING THAT RESTITUTION BE PAID TO CRIMESTOPPERS AND/OR THE GOVERNOR'S LEGAL OFFICE OF THE STATE OF ALABAMA.**

Appellee contends that rewards paid by Crimestoppers and the Governor's Office in the case at bar are recoverable in restitution because "at least five other jurisdictions having similar restitution statutes have determined that they are, Matter of Welfare of D.D.G., 532 N.W.2d 279, 282-283 (Minn.Ct.App. 1995); People v. Dillingham, 881 P.2d 440, 441-442 (Colo.Ct.App. 1994), People v. Fizzell, No. 127827, 2003 WL 1091909 at *2 (Cal.Ct.App. Mar 13, 2003) (unpublished);... State v. Hazlitt, 713 P.2d 617, 619 (Or.Ct.App. 1986)." Appellee's Brief, pages 4-5. Appellee again desperately and blatantly overstates his case. He clearly states "at least five other jurisdictions" and yet provides only four and those cited are not applicable to the case at bar (with the possible exception of People v.Fizzell whose "unpulished" opinion could not be found by Appellant despite diligent computerized searches for same). The D.D.G. (Minnesota) and Dillingham (Colorado) decisions are distinguishable from the case at bar as they deal with out of pocket expenses paid by the actual victims of crime as rewards which would clearly be recoverable as restitution under Alabama's restitution statute. The

11

Hazlitt (Oregon) decision is also distinguishable from the case at bar as it deals with a reward paid by an <u>insurer of the actual victim</u> which would clearly be recoverable as restitution under Alabama case law interpreting the definitions of "victim" and "pecuniary damages" under Alabama's restitution statute.  Therefore, contrary to the misleading assertion by Appellee, the before-mentioned cases from Minnesota, Colorado and Oregon do not support the conclusion that Crimestoppers and the Governor's Office are "victims" entitled to restitution under Alabama's restitution statute.   Similarly, given the demonstrated lack of applicability of the before-mentioned cases from Minnesota, Colorado and Oregon to the case at bar, Appellant reasonably and seriously doubts the applicability of the "unpublished" California case, whether it does or does not actually exist, to the case at bar.

## CONCLUSION

For the foregoing reasons, individually and cumulatively, Defendant respectfully seeks from this Honorable Court reversal of the restitution order by the Circuit Court of Henry County in State of Alabama v. Johnny C. Grace, Jr., Case Nos. CC-2002-205 and 206.

Respectfully submitted this 15th day of May, 2004.

GREGORY A. DaGIAN (DAG 003)
Attorney for Appellant
406 Dothan Rd., Ste. B
Abbeville, AL  36310
Telephone: (334) 585-1394
Facsimile: (334) 585-1395

13

## CERTIFICATE OF SERVICE

I certify that I have served an exact copy of the foregoing Reply Brief of Appellant on the Office of the Attorney General, 11 S. Union St., Third Floor, Montgomery, Alabama, 36130, by placing same in the U.S. Mail, properly addressed, with adequate postage affixed thereto this 25th day of May, 2004.

GREGORY A. DaGIAN (DAG 003)
Attorney for Appellant
406 Dothan Rd., Ste. B
Abbeville, AL 36310
Telephone: (334) 585-1394
Facsimile: (334) 585-1395

14

## STATEMENT CONCERNING FONT AND TYPE STYLE

I certify that access to equipment capable of producing print in Courier New 13 font and type is not reasonably available and the font and type style utilized constitutes the closest approximation to Courier New 13 available.

GREGORY A. DaGIAN
Attorney for Appellant

15