Beson
63050

Notice: This unpublished memorandum should not be cited as precedent.  See Rule 54, Ala.R.App.P.  Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

H.W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

RELEASED
OCT 2 2 2004
CLERK
ALA COURT CRIMINAL APPEALS

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

On Return to Remand

CR-03-0565            Henry Circuit Court CC-02-205 and -206

Johnny C. Grace, Jr. v. State

McMILLAN, Presiding Judge.

Johnny C. Grace, Jr., was convicted of two counts of robbery in the first degree and was sentenced to concurrent terms of 99 years' imprisonment on each count. Grace was ordered to pay $5,121.83 in restitution to the victims and was ordered to reimburse the Governor's office and Crime Stoppers $5,000 and $1,000, respectively, for moneys paid by those entities as rewards for information leading to the arrest and conviction of Grace.

We affirmed Grace's convictions and sentences by unpublished memorandum. See Grace v. State, (CR-02-1017, Oct. 24, 2003), ___ So. 2d ___ (Ala. Crim. App. 2003) (table). Subsequent to a certificate of judgment being entered, the trial court modified its restitution order, requiring Grace to reimburse the Governor's office and Crime Stoppers for the rewards paid by them to a witness. Grace appealed, contending

1


EXHIBIT 2C

that the trial court's amended restitution order was time-barred and arguing that these entities were not "victims" as intended by the restitution act. In a published opinion, a case of first impression, we agreed with Grace, and remanded this case with directions to the trial court to modify its restitution order to remove the ordered reimbursements to the Governor's office and to Crime Stoppers.

On September 9, 2004, the trial court submitted its return to this Court's remand. On remand, the circuit court amended its restitution order "by deleting payment of restitution to the Governor's Office and to Crime Stoppers." Because the trial court has complied with our instructions, we affirm that court's judgment.

AFFIRMED.

Cobb, Baschab, Shaw, and Wise, JJ., concur.