# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

(Pursuant to Rule 32,
Alabama Rules of Criminal Procedure)

Case Number

CC **02** **206**
ID / YR / NUMBER
**02** **205**

IN THE _Circuit_ _____ COURT OF _Henry Co_ ALABAMA

_Johnny C. Grace_____ vs. _State of Alabama_
Petitioner (Full Name)                           Respondent

[Indicate either the "State" or,
if filed in municipal court, the
name of the "Municipality"]

VENTRESS CORRECTIONAL FACILITY
P. O. BOX 767
CLAYTON, AL 36016

Prison Number _227106_____ Place of Confinement

County of conviction _____ _Henry_

NOTICE:  BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.

1. Name and location (city and county) of court which entered the judgment of conviction or sentence under attack _Henry County Circuit Court_

2. Date of judgment of conviction _11-22-2002_

3. Length of sentence _99 years CS_

4. Nature of offense involved (all counts) _Robbery I two counts_

**EXHIBIT**
**3A**
PENGAD 800-631-6989

JAN 2005
FILED IN OFFICE
CIRCUIT CLERK
HENRY COUNTY, AL
3124

5. What was your plea?  (Check one)

   (a) Guilty _____

   (b) Not guilty ✓

   (c) Not guilty by reason of mental disease or defect _____

6. Kind of trial: (Check one)

    (a)  Jury ✓          (b)  Judge only _____

7. Did you testify at the trial?

    Yes _____        No ✓

8. Did you appeal from the judgment of conviction?

    Yes ✓        No _____

9. If you did appeal, answer the following:

    (a)  As to the state court to which you first appealed, give the following information:

        (1)  Name of court _____ *Court of Criminal Appeals*

        (2)  Result _____ *Affirmed*

        (3)  Date of result _____ *Oct. 24, 2003*

    (b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

        (1)  Name of court _____ *Supreme Court of Alabama*

        (2)  Result _____ *Jan. 16, 2004*

        (3)  Date of result _____

    (c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

        (1)  Name of court _____ *N/A*

        (2)  Result _____

        (3)  Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes ✓        No _____

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a) (1) Name of court ___ *Ala Supreme Court*

(2) Nature of proceeding ___ *Appeal*

(3) Grounds raised *Batson challenge, juror misconduct double jeopardy, Due process violation, court abused it discreation with jury intruction, the 198 year sentence is grossly disproportionate which constitutes cruel & unusual punishment*

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____        No ✓

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application, or motion, give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised *N/A*

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____        No ✓

(5) Result *N/A*

(6) Date of result _____

(c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

N/A

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____     No _____     N/A

(5) Result _____

(6) Date of result _____

(d) Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1) First petition, etc.          Yes ✓          No _____

(2) Second petition, etc.       Yes ✓          No _____

(2) Third petition, etc.         Yes _____   No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e) If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____ N/A _____

_____

12. Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

✓ A.   The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:

(1)   Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2)   Conviction obtained by use of coerced confession.

(3)   Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4)   Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)   Conviction obtained by a violation of the privilege against self-incrimination.

(6)   Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)   Conviction obtained by a violation of the protection against double jeopardy.

(8)   Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9)   Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

_____ B.   The court was without jurisdiction to render the judgment or to impose the sentence.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ C.   The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ D.   Petitioner is being held in custody after his sentence has expired.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ E.   Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts are not merely cumulative to other facts that were known; and

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____  F.  The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.  IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:

"Successive Petitions.  The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.  Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____          No ✓

B.  If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)  Name of court _____ N/A _____

(b)  Result _____ N/A _____

(c)  Date of result _____
     (attach additional sheets if necessary)

C.  If you checked the "Yes" line in 13A. above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____          No ✓

15. Give the name and address, if known, of each attorney who represented you at the following stages
of the case that resulted in the judgment under attack:

(a)  At preliminary hearing _____

(b)  At arraignment and plea _____

(c)  At trial _____ Same _____

(d)  At sentencing _____

(e)  On appeal _____ Gregory A. Dagian
406 Dothan Rd. Suite B. Abbeville, Al. 36310

(f)  In any post-conviction proceeding _____

(g)  On appeal from adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment,
in the same court and at the same time?

Yes  ✓                    No _____

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment
under attack?

Yes _____                No  ✓

(a)  If so, give name and location of court which imposed sentence to be served in the future: _____
N/A

(b)  And give date and length of sentence to be served in the future: _____
N/A

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed
the sentence to be served in the future?

Yes _____                No ✓

18. What date is this petition being mailed?  1-12-05

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in
this proceeding.

# PETITIONER'S VERIFICATION UNDER OATH
# SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _Janeuary 12, 2005_
(Date)

_Johnny Grace 227106_
Signature of Petitioner   VENTRESS CORRECTIONAL FAC
P. O. BOX 767
CLAYTON, AL 36016

SWORN TO AND SUBSCRIBED before me this the 12th day of _January_ 2005.

_Carolyn R. Abercrombie_
Notary Public

My Commission Expires August 18, 2007

### OR *

## ATTORNEY'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true

and correct. Executed on _____
(Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, _____

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_____

_____

_____

_____

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the

N266

# STATE OF ALABAMA
### Department of Corrections
### Inmate Stationery

## Summary OF Argument

Regarding Issue (1) the Court erred to Reversal in denying petitioner's Batson Challenge to Plaintiff's purposeful racial discrimination in striking six of the remaining eight blacks on the strike list during jury selection.

Issue (2) Juror Misconduct by the only two black members of the jury prejudiced Petitioner's Right to an impartial jury and the Court sua sponte abused its discretion when it discharged the jurors without warning.

Issue (3) These two convictions arise out of the same act or transaction and violate the double jeopardy clause.

Issue (4) Plaintiff's improper argument to the jury so infected the trial with unfairness as to make the resulting conviction a denial of due process

Issue (5) Trial court erred to Reversal in denying petitioner's motion for Judgement of Acquittal and or Motion For New Trial where accomplice testimony was not sufficiently corroborated.

*PS. 1*

# STATE OF ALABAMA

### Department of Corrections
### Inmate Stationery

## Statement of The Facts

On December 16, 2001 at approximately 9:10pm Mr and Mrs Jack Murphy were Robbed in their home in Rural Henry County by four young black males who had their faces covered. The four Robbers did not act like they knew the Murphy's R216. Mrs Murphy was in the den watching T.V. while Mr. Murphy had gone out back to get a box to wrap Christmas presents when four young black males accosted him demanding money. C201-202; R229, 231, 279. Two of the males held in their hands what appeared to be pistols R231. Mr Murphy grabbed one of the pistols and it did not feel real to him. R254. The pistol grabbed by Mr. Murphy "felt light, very light" to Mr. Murphy. R255. Mr. Murphy never touched the other pistol but they both looked the same to him R255. Mrs Murphy noticed that the color of the pistols or something about them did not seem right and it flashed through her mind that at least one of the pistols was not real.

The four robbers forced themselves into the home with Mr. Murphy through the open back door of the house. C202: R231, 233, 279. One of the robbers went into the den area and approached Mrs Murphy demanding money. R176 Mrs Murphy was brought into the kitchen area along with Mr. Murphy where she asked Mr. Murphy where his wallet was R178, 234. Mrs Murphy got the wallet from their bedroom.

Pg. 2

N266

# STATE OF ALABAMA

### Department of Corrections
#### Inmate Stationery

The robbers continued looking for money until they found the safe in a closet under the stair well at which time the robbers took Mrs. Murphy outside to her car to get the combination out of her purse and then took Mrs. Murphy back into the house. Mrs. and Mr. Murphy were taped to straight back chairs in the kitchen, at which time Mrs. Murphy Requested not to be taped to tightly and that know tape be placed on Mr. Murphy mouth due to the fact that his breathing would not be hindered and the robbers complied with these request. Petitioner was a former worker for the Murphy's and had last worked for the Murphys several months prior to the robbery, petitioner has a distinctive deep voice and Mr. Murphy did not hear the petitioner voice during the robbery even though all four robbers talked back and fouth during the robbery, Mrs. Murphy also has known the petitioner for many years prior to the robbery she was his school nurse and when listening and looking at the four Robbers over a forty-five minute period Mrs. Murphy did not think of the petitioner nor did she think it was him. Mrs. Murphy testifed that no one other than the defendant worked for them in the past year but Mr. Murphy testified that a number of boys had worked for them and neither Mr or Mrs Murphy heard the name Johnny mentioned at any time during the robbery R251 252 Mr. Murphy spoke with deputy John Gilmer and Investigator Clyde Hornsby at his home immed-iately after this robbery on December 16, 2001

Pg. 3

## STATE OF ALABAMA

### Department of Corrections
### Inmate Stationery

and the Incident/Offense Report completed by deputy Gilmer an co-signed by investigator Hornsby states that the robbers were not known to the Murphy's and that their was no prior relationship between known to Mr. Murphy's concerning the robbers.

Plaintiff at petitioners trial on October 16, 2002 and he testified that he, Kevin McKinnon, Todd Blackmon and Christopher Lindsey entered the Murphy's home on December 16, 2001 and robbed them R148-149 Nicholas McKinnon entered pleas of guilty to the robbery of the Murphys on May 17, 2002 and received youthful offender treatment, a split sentence of boot camp followed by probation on a three year base sentence, concurrent sentencing, a fine of $500 and a victims compensation fund assessment of $500 in Henry County. Nicholas McKinnon's sentences were amended to one-year concurrent split sentence on June 6, 2002 when the Alabama Department of Corrections advised the sentencing court that due to the seriousness of the underlying charges Nicholas McKinnon was not eligible for boot camp, prior to being sentenced Nicholas McKinnon received a very favorable written recommendation regarding youthful offender treatment and sentencing. Plaintiff did not not notify the Murphy's of N. McKinnon's May 17, 2002 sentencing because they did not want them to know that they the District Attorney's office had made a deal with N. McKinnion, Also the jury seated to hear petitioner's case (excluding the two white alternates) was comprised of ten

Pg. 4

N266

# STATE OF ALABAMA

### Department of Corrections
*Inmate Stationery*

No safe or any other physical evidence was offered or admitted into evidence in this case. Petitioner further moved for judgement of Acquittal on grounds that Plaintiff had not made a prima facia case for two counts of Robbery in the first degree in that Plaintiff had not made prima facia cases of complicity of defendant and had not made prima facia cases that a deadly weapon or dangerous instrument had been used in the commission of a crime.

Pg. 6

N266    Batson Challenge State of Alabama Plaintiff's Purposeful
Racial Discrimination During Jury Selection

**STATE OF ALABAMA**
Department of Corrections
Inmate Stationery

State systematically and purposely discriminated against members of the black race during jury selection by using its peremptory strikes to eliminate six out of eight remaining black venirepersons from the strike list in violation of the United States Supreme Court holding in Batson v. Kentucky, 476 U.S. 79, 106 S.CT. 1712, 90 L.Ed 2d 69 (1986). State used there third, fourth, fifth, sixth, ninth and tenth peremptory strikes to eliminate members of the black race from Petitioner's [a member of the black race] jury (61-68, 71.

"In a Batson context it is well settled where, as in the present case, the trial court does not make an express finding that a prima facia case of discrimination has been established but nonetheless requires the challenged party to explain its peremptory strikes, the appellate courts will presume that the trial court found a prima facie case and will evaluate the explanations offered by the challenged party."
Huntley v. State, 627 So. 2d 1013, 1016 (Ala. 1992)
Williams v. State, 548 So. 2d 501, 504 (Ala. Crim. App. 1988), cert denied 489 U.S. 1028 (1989).

"Once a prima facie case has been established, a presumption is created that the peremptory challenges were used to discriminate against black jurors." Ex parte Branh, 526 So. 2d 609, 623 (Ala. 1987). When the trial court has required a party to state reasons for the strikes, that party must articulate reasons that are clear, specific and legitimate, that relate to the particular case, and that are nondiscriminatory." Ex parte Bird, 594 So. 2d 676, 679 (Ala. 1991).

pg. 1

N266

# STATE OF ALABAMA

### Department of Corrections
### Inmate Stationery

"The trial judge cannot merely accept the specific reasons given by the prosecutor at fact value; the judge must consider whether the racially neutral explanations are contrived to avoid admitting acts of group discrimination. This evaluation by the trial judge is necessary because it is possible that an attorney, altough not intentionally discriminating, may try to find reasons other than race to challenge in deciding to strike the juror."

Ex parte Branch , 526 So.2d 609, 624 (Ala 1987) [One] unconstitutional peremptory strike requires reversal and a new trial." Ex parte Bird , 594 So.2d 676, 683 (Ala. 1991). While petitioner contends that State failed to give any legitimate race-neutral reasons for any of its peremptory strikes (i.e., that all explanations given by State were in reality shams or pretextual to cover its purposeful racial discrimination), Petitioner points out that State's explanation for striking Juror No. 22 Janie Kinsey ("she knows Pam Knight") is obviously pretextual. R27 Pam Knight, Petitioner's wife, was a potential witness for the State who had previously given a written statement and had provided alleged physical evidence to law enforcement and any tendency to believe that witness due to prior acquaintance or relationship between the prospective juror and the witness would only serve to benefit State's case, not harm it.

State's explantion for striking Juror No. 35 Rex Rhodes is an obvious pretext to conceal racial discrimination. Mr. Rhodes responded to State's questioning

Pg.  8

# STATE OF ALABAMA

### Department of Corrections
#### Inmate Stationery

during voir dire that his brother-in-law (not his brother as State erroneously stated) was a judge in New Jersey but that fact would not affect his ability to be fair and impartial. State's explanation that "Mr. Rhodes was struck because he said his brother (sic) is a judge in New Jersey" is a sham because its claim that it also struck white venirepersons who had "ties to judges or people or the prison" is not supported by the record or anything that actually transpired at trial that is not reflected in the record. To support its strike of Mr. Rhodes State claimed to have struck Juror No. 14 Christy Harper, a white because she purportedly "said she knows the probate judge" who is a "white judge" in this Circuit. R27. In a rural county like Henry County that has a population of approximately 16,000 one would be hard pressed to find a resident who does not "know" the Judge of Probate Lamar Turner (who, as State pointed out, does happen to be white for whatever difference that makes.) Ms. Harper had approached defense counsel after lunch prior to jury selection and attempted to talk to him and when this was disclosed to the State on the record Ms. Harper stated "My neighbor is Judge Lamar Turner. I didn't know if I was to mention it. I do not know him personally. I have never met him." R2? State failed to follow-up and ask Ms. Harper any questions. R2? State did not strike Ms. Harper until his twelfth and last peremptory strike. (7). Similarly, State attempted to justify its strike of Mr. Rhodes by contending that it struck Juror No. 8 Jerrod Wyatt Bryant, a white, because he is an Alabama Correctional

Pg. 9

N266

## STATE OF ALABAMA

### Department of Corrections
#### Inmate Stationery

Officer R27. While it is true that Mr. Bryant responded to Petitioner's voir dire questions concerning his employment in law enforcemen, State really used it's second peremptory strike to remove Mr. Bryant because petitioner's counsel had previously represented him in a divorce proceeding and Mr. Bryant had disclosed that requested fact to State during its voir dire questioning. C71. The State failed to make further inquiry of Mr. Rhodes, Ms. Harper or Mr. Bryant regarding its alleged concern of "any ties to judges or people or the prison" or "how the system works". R27, 29. The Alabama Supreme Court has held that the State's failure to engage in meaningful voir dire examination on a subject the State alleges it is concerned about is evidence suggesting that the explanation is a sham and a pretext for discrimination. Ex parte Bird ____, 594 So. 2d 676, 683 (Ala. 1991).

     The Alabama Department of Public Health, Center for Health Statistics and the Center for Demographic and Cultural Research at Auburn University Montgomery concur that the Black population of Henry County is 34.2%. After Juror No. 29 Miriam Onadeko was removed for cause blacks comprised only 19% of the strike list. C61-71. And State was then allowed to eliminate 75% of those blacks remaining through systematic and purposeful discrimination. The Court's denial of Petitioner's Batson ____ challenge injured the substantial rights of Petitioner's and the venire persons illegally removed and constitutes Reversible error.

PS. 17

## STATE OF ALABAMA
### Department of Corrections
### Inmate Stationery

Juror Misconduct [Sleeping] Denied Petitioner His
Constitutional Right to a Fair Trial

The Sixth Amendment to the United States Constitution
provides in pertinent part:

"In all criminal prosecutions, the accused
shall enjoy the right to a speedy and public
trial, by an impartial jury of the State
and district wherein the crime shall
have been committed."

The jury sworn to hear and decide petitioner cases
excluding white alternates (No. 14 Kristy Harper and No. 9
Sonia Bush) was comprised of ten whites and two blacks,
the blacks members being No. 28 Trumma Neal and No.
24 Henry Lynn. C65-66 71. After less than three hours of
testimony in the morning of the first and only day of
trial Ms Neal and Mr Lynn were removed by the court
(sua sponte) for dozing over the objections of the
petititioner. Consequently an all white jury found the
petititioner guilty.

"It is fundamental to our system of impartial
justice that parties have a right to have
questions answered truthfully by prospective
jurors to enable them to exercise their dis-
cretion wisely in exercising their perempt-
ory strikes."

State v. Freeman, 605 So. 2d 1258 (Ala Crim. App
1992) [quoting Ex parte O'Leary, 438 So. 2d 1372,
1373 (Ala. 1983), quoting in turn Ex parte O'Leary,
417 So. 2d 232, 240 (Ala. 1982)

P5 11

N266

## STATE OF ALABAMA
### Department of Corrections
#### Inmate Stationery

When petitioner asked the venire during voir dire, "Does anyone have any reason whatsoever that would prevent them from rendering a fair and impartial verdict based on the admissible evidence, only Juror No. 16 Martha Jezewski responded affirmatively and she was successfully challenged for cause by the [petitioner-defendant] neither Ms. Neal or Mr. Lynn, who listened attentively during voir dire, did not advise petitioner that they had problems staying awake.

Where the party has examined the jurors concerning their qualifications, and they do not answer truly, it is manifest that he is deprived of his right to challenge for cause, and is deceived into foregoing his right to peremptory challenge."

Ex parte Ledbetter, 404 So.2d 731, 733 (Ala. 1981) [quoting Leach v. State, 31 Ala.App. 390, 18 So.2d 285 cert. denied, 245 Ala. 539, 18 So.2d 289 (1944)].

Ms. Neal and Mr. Lynn either failed to answer petitioners questions truthfully during voir dire or their blatant disregard for the oaths they took to serve as jurors by mutually falling asleep during the beginning of petitioners trial constituted gross misconduct on their parts. If they did not care enough to serve on the jury they should have responded to petitioners voir dire questioning accordingly. For obvious reasons, petitioner sought to include members of his own race on his jury and the gross misconduct of these jurors acted to deny petitioner a trial by an impartial jury. In Ex parte Willie C. Dobyne, 805 So.2d 763, 771 (Ala.2001)

pg 12

pg. 13

N266

## STATE OF ALABAMA

### Department of Corrections
#### Inmate Stationery

the Alabama Supreme Court reemphasized that:

The proper standard for determining whether juror misconduct warrants a new trial, as set out by this Court's precedent, is whether the misconduct **Might** have prejudiced, not whether it actually did prejudice the petitioner.

Moreover, the Court's sua sponte removal of Ms. Neal and Mr. Lynn without first warning them acted to deny petitioner an impartial jury because the last remaining blacks from an already underrepresented and discriminated group in jury selection were removed from the jury, and by replacing them with two white alternates petitioner was generally prejudiced by an all white jury deciding a case involving a black man accused of robbing a well respected and well liked elderly white couple and more specifically prejudiced by Juror No. 9 Sonia Bush, who petitioner had struck on information that she would tend to be pro prosecution being designated as a deliberating juror.

Accordingly, the Court abused its discretion in removing Ms. Neal and Mr. Lynn without first attempting to warn them and further abused its discretion in denying petitioner's Motion for New Trial for juror misconduct.

Pg. 13

## Convictions Violates Double Jeopardy

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides in pertinent part: "No person shall...be subject for the same offense to be twice put in jeopardy of life and limb." The double jeopardy clause is made applicable to the states through the Due Process Clause of the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784 (1969). The Supreme Court of the United States has interpreted the Double Jeopardy Clause to provide, among other things, protection against multiple punishments for the same offense. United States v. Benz, 282 U.S. 304 (1931). In Blockburger v. United States 284 U.S. 299, 304 (1932) the Supreme Court of the United States established the test for double jeopardy as "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. In this case defendant in this case was not charged or convicted with violating two different statutes, rather he was charged and convicted of two violations of the same statute (i.e. armed robbery.

The Alabama Supreme Court in McKinney v. State, 511 So.2d 220, 225 (Ala. 1987), quoting R. Owens, Alabama's Minority Status: A Single Criminal Act Injuring Multiple Persons Constitutes Only a Single Offense, 16 Cum. L. Rev. 85, 104-107 (1985-86), held that "legislative intent to allow multiple prosecutions for

pg. 14

N266

# STATE OF ALABAMA

### Department of Corrections
### Inmate Stationery

a single act that injures more than one person is determined by the description of the unit of prosecution within the substantive criminal law statutes. How then should the unit of prosecution be described so that and intent to allow multiple convictions is clear and unequivocal? Instead of using the word "any" to describe the unit of prosecution, the singular words 'a' or 'another' should be used. An examination, then, should be made of the Alabama Criminal Code to see how the unit of prosecution is described. This examination will disclose whether the code allows multiple convictions. The second category contains statutes in which the unit of prosecution is described with the word 'any'; based on the above mode of statutory construction, only one conviction should be allowed." (Emphasis added.)

   Defendant was convicted of two counts of Ala. Code 1975, Sec. 13A-8-41(a)(1) that incorporates as an element thereof Ala. Code 1975, Sec. 13A-8-43. The unit of prosecution of same is clearly defined as "any." This Honorable Court recently applied the before mention unit of prosecution test in vacating three of four convictions as violating the Double Jeopardy Clause where the unit of prosecution in the examined statute was defined as "any" in Jimmy Dake v. State 675 So. 2d 1365 (Ala. Crim. App. 1995.

   Moreover, the unique facts in the present case do not warrant multiple convictions of defendant for the same act or transaction. The safe and United States Currency taken from the Murphys were jointly owned marital property and were taken from their

PS-15

## STATE OF ALABAMA

### Department of Corrections
#### Inmate Stationery

premises and not their persons. The safe was taken from a closet under the stairwell in their home. United States Currency was taken from: (1) a dresser draw in their bedroom, (2) from Mrs. Murphy's billfold that a robber retrieved out of Mrs. Murphy's car that was parked outside the residence and (3) from Mr. Murphy's wallet that was retrieved from their bedroom by Mrs. Murphy and then turned over to the robbers. R178, 184-185, 192-193, 234.

Mrs. Murphy is the only one who personally turned over United States Currency (from Mr. Murphy's wallet after retrieving same from their bedroom) to the robbers. R178, 234; March 7, 2003 R9.

Accordingly, Defendant Respectfully Requests that this Honorable Court vacate one of his convictions as violating the Double Jeopardy Clause.

PS. 16

N266

## STATE OF ALABAMA

### Department of Corrections
#### Inmate Stationery

*Defendant Was Denied Due Process By Improper Argument To The Jury By Plaintiff*

Co-defendant Nicholas McKinnon who was the Key prosecution witness for Plaintiff was granted youthful offender treatment on May 17, 2002 for his active involvement in the Murphy robbery. N. McKinnon's youthful offender sentencing orders were admitted at trial. C 203-204 R320. Plaintiff called McKinnon and McKinnon's attorney as witnesses in its case against petitioner. The patently lenient sentence McKinnon received as a youthful offender was referred to throughout the trial. C 203-204; R 149-150, 303-304, 310-311, 317-320. Plaintiff vehemently denied at trial that it had made a deal with McKinnon in exchange for his testimony against petitioner. Plaintiff's case turned on the credibility of Co-defendant N. McKinnon and it knew it. To bolster that credibility Plaintiff was allowed to improperly argue to the jury during closing argument that McKinnon's sentence as a youthful offender was "confidential" and "sealed" under the law which served to distract the jury from the established documentary and testimonial evidence and deny petitioner due process. In a substantially similar though not identical situation the United States Supreme Court in Davis v. Alaska, 415 U.S. 308 (1974) reversed a state conviction and held that a defendant was denied his sixth and Fourteenth Amendment Rights to confront witnesses when the prosecution used

PS 17

27/25/2005 25:27    3345855206                HENRY COUNTY CIRCUIT            PAGE 07
Case 1:05-cv-00634-WKW-CSC    Document 9-15    Filed 08/05/2005    Page 25 of 30

N266

# STATE OF ALABAMA

### Department of Corrections
*Inmate Stationery*

a juvenile as a key prosecution witness while simultaneously asserting state confidentiality laws concerning juveniles. In the instant case Plaintiff's improper remarks during closing argument so infested the trial with unfairness as to make the resulting conviction a denial of due process. Darden v. Wainwright, 477 U.S. 168 (1986)

pg. 18

**STATE OF ALABAMA**

Department of Corrections
Inmate Stationery

### The Court Erred To Reversal In Denying Petitioner's Motion For Judgment of Acquittal or Motion For New Trial

Plaintiff failed to make prima facie cases for two counts of Robbery in the First Degree. The testimony of accomplice Nicholas McKinnon was not sufficiently corroborated and should have been excluded by the court pursuant to Ala. Code 1975, Sec. 12-21-222. There was insufficient evidence presented at trial that an actual deadly weapon or dangerous instrument was used in the commission of the robbery as required by Ala Code, 1975 Sec 13A-8-41 (a)(1). During the robbery, the victims individually and collectively questioned whether the two handguns brandished were real or toys. (201; R211, 245, 248, 254-255, 267, 269, 279. There was insufficient evidence presented at trial that defendant procured, induced or caused the robbers to commit the offense or aided or abetted the robbers in committing two counts of robbery in the first degree absent the uncorroborated testimony of accomplice Nicholas McKinnon. There was absolutely no physical evidence offered or admitted at trial linking defendant to the commission of the robbery. Accordingly, the Court erred to reversal in denying (Defendant's Petitioner) Motion For Judgment of Acquittal and/or Motion For New Trial.

ps. 19

N266

# STATE OF ALABAMA

### Department of Corrections
### Inmate Stationery

## Conclusion

For the foregoing Reasons, individually and cumulatively, Petitioner Respectfully Request a evidentiary hearing because of the meritorious of the petition Boatwright Exparte 471 So 2d 1252 (1985). Petitioner asks this Honorable Court for Reversal of the judgments of conviction and sentence by the Circuit Court of Henry County in State of Alabama v. Johnny C. Grace, Jr. Case Nos. 2002-205 and 206.

Respectfully submitted this 12th day of Jan. 2005.

Johnny C. Grace

DS·30

3

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
224856VENTRESS CORR FAC

AIS #: 227106          NAME: GRACE, JOHMNY C JR          AS OF: 01/05/2005

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| JAN | 26 | $0.08 | $10.00 |
| FEB | 28 | $0.18 | $35.00 |
| MAR | 31 | $0.84 | $60.00 |
| APR | 30 | $0.42 | $50.00 |
| MAY | 31 | $1.93 | $25.00 |
| JUN | 30 | $0.21 | $55.00 |
| JUL | 31 | $3.96 | $100.00 |
| AUG | 31 | $0.57 | $50.00 |
| SEP | 30 | $0.66 | $65.00 |
| OCT | 31 | $0.23 | $30.00 |
| NOV | 30 | $0.87 | $55.00 |
| DEC | 31 | $2.52 | $40.00 |
| JAN | 5 | $5.58 | $0.00 |



JAN 2005

FILED IN OFFICE
CIRCUIT CLERK
HENRY COUNTY, AL
3124

CC-Case Number
CC-82-206
CC-82-205
ID   YR   NUMBER
(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

Henry County Circuit Court
[Insert appropriate court]

Johnny C. Grace
(Petitioner)

vs.

State of Alabama
(Respondent(s)

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, __Johnny C. Grace__, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security thereof, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?    Yes _____    No ✓

    a. If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

    _____ N/A _____

    b. If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

    _____ N/A _____

2. Have you received within the past twelve months any money from any of the following sources?

    a. Business, profession, or other form of self-employment?

    Yes _____    No ✓

    b. Rent payments, interest, or dividends?

    Yes _____    No ✓

    c. Pensions, annuities, or life insurance payments?

    Yes _____    No ✓

    d. Gifts or inheritances?

    Yes _____    No ✓

    e. Any other sources?

    Yes _____    No ✓

JAN 2005
FILED IN OFFICE
CIRCUIT CLERK
HENRY COUNTY, AL
3124

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

*N/A*

3.  Do you own cash, or do you have money in a checking or savings account?

Yes _____          No ✓ _____

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

*N/A*

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____          No *N/A*

If the answer is "yes", describe the property and state its approximate value.

*N/A*

5.  List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

*N/A*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on  *1-02-05*
                        (Date)

_Edward Grace_ 727106
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _38_ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said ____Ventress____ institution:

_Computed monthly balance attached._

VENTRESS CORRECTIONAL FACILITY
P. O. BOX 767
CLAYTON, AL 36016

DATE

_B. Ross_
AUTHORIZED OFFICER OF INSTITUTION