IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY C. GRACE, JR., #227106, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:05-CV-634-F |
| | ) |
| J. C. GILES, et al., | ) |
| | ) |
| Respondents. | ) |

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed on June 27, 2005.[1] In this petition, Johnny C. Grace, Jr. ["Grace"], a state inmate, challenges two convictions for first degree robbery entered against him by the Circuit Court of Henry County, Alabama on October 17, 2002. These convictions became final by operation of law on April 15, 2004.

Pursuant to the orders of this court, the respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] In addition to their argument

---

[1]The account clerk certified the *in forma pauperis* affidavit submitted simultaneously with the habeas petition on June 27, 2005. Such date is therefore the earliest date on which Grace could have submitted these documents to prison authorities for mailing. Thus, the court construes June 27, 2005 as the date of filing. *See Houston v. Lack,* 487 U.S. 266, 271-272 (1988) (a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993); *see also Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

that the instant petition is time barred, the respondents further argue that several of the petitioner's claims are procedurally barred from review by this court due to Grace's failure to present these claims to the state courts in accordance with the state's procedural rules. The respondents also contend that those claims raised and addressed on the merits by the state courts provide no basis for federal relief. *See Williams v. Taylor*, 529 U.S. 362, 404-405, 120 S.Ct. 1495, 1518- 1523 (2000).

## I. Statute of Limitations

The respondents contend that because the petitioner's robbery convictions became final in 2004 -- **after** the effective date of the statute of limitations -- Grace must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition related to the federal habeas claims was pending in the state courts. The respondents concede that Grace filed a state post-conviction petition which tolled the limitation period.[3] However, they maintain that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition the limitation period expired prior to Grace filing his federal habeas petition. *Respondents' Answer* at 6-10; *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000); *Tinker v. Moore*, 255 F.3d 1331, 1333 1335.

---

[3]Although the Rule 32 petition was stamped "filed" in the Circuit Court of Henry County, Alabama on January 18, 2005, Grace advised that the petition "is . . . being mailed on January 12, 2005." *Respondents' Exhibit 3A - Rule 32 Petition* at 7. Since a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing, the court considers January 12, 2005 as the date of filing for Grace's Rule 32 petition. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).

n.4 (11th Cir. 2001). The respondents further argue that Grace's motion challenging restitution and his motions seeking reconsideration of his sentences to run concurrently with other sentences or be reduced based on his good behavior in prison fail to toll the limitation period because the instant petition does not challenge the denial of such motions nor did these motions in any way attack the constitutionality of the convictions or sentences imposed. *Respondents' Answer* at 9. They therefore contend that the limitation period expired prior to the filing of this federal habeas petition and argue that such petition is time-barred. *Id*. at 8-9.

Upon review of the pleadings filed by the parties and applicable federal law, it appears that the petitioner's § 2254 petition is precluded from review by this court as it was filed outside the one-year period of limitation.

Title 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgments expires. The petitioner was convicted on two counts of first degree robbery Circuit Court of Henry County, Alabama on October 17, 2002. He filed a direct appeal of these convictions and the convictions were affirmed by the Alabama Court of Criminal Appeals on October 24, 2003. His application for rehearing was denied by the appellate court. Grace subsequently filed a petition for writ of certiorari with the Alabama Supreme Court. The Supreme Court denied this petition and issued the certificate of judgment affirming Grace's convictions on January 16, 2004. The petitioner did not further

appeal his robbery convictions. Consequently, these convictions became final on April 15, 2004 -- ninety (90) days after the Alabama Supreme Court's entry of judgment affirming the convictions -- as this is the date on which the time expired for the petitioner to file a petition for writ of certiorari with the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court).

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for 271 days after the petitioner's convictions became final until his filing of a Rule 32 petition in the Circuit Court of Henry County on January 12, 2005. The trial court dismissed the Rule 32 petition on February 4, 2005. Grace did not appeal this ruling and final resolution of this action in the state courts occurred forty-two (42) days after entry of the order denying the petition as this is the date on which the petitioner's time to appeal expired. *See* Rule 4(b)(1), *Alabama Rules of*

*Appellate Procedure*. Thus, the petitioner's Rule 32 petition remained pending in the state courts until March 18, 2005. At such time, the petitioner had only 94 days remaining within which to timely file claims in a federal habeas petition. However, an additional 100 days of the limitation period expired prior to Grace filing his petition for writ of habeas corpus relief in this court on June 27, 2005. Based on the foregoing, it appears that the time allowed Grace for the filing of a federal habeas petition expired on June 20, 2005.

Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Grace filing the instant § 2254 petition. Accordingly, it is

ORDERED that on or before August 23, 2005 the petitioner shall show cause why his federal habeas petition should not be dismissed as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

## II. Procedural Default

The respondents contend that several of the claims raised in the present habeas corpus petition are due to be denied because these claims are procedurally defaulted due to Grace's failure to seek review of these claims in the state courts pursuant to the State's procedural rules. *See Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.), *cert denied*, 531 U.S. 1017 (2000); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990). In support of this argument, the respondents assert that the double jeopardy, compelled testimony and closing argument claims are procedurally barred

from federal review because Grace failed to present these claims on direct appeal in his petition for writ of certiorari to the Alabama Supreme Court. S*ee O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002). With respect to those claims related to *Batson*, juror misconduct and provision of an additional jury instruction on request of the State, the respondents assert that these claims are procedurally defaulted because the last state court to render judgment on such claims determined they were procedurally defaulted under applicable state rules. *See Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992) (citations omitted) ("Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief."). Specifically, on direct appeal, the Alabama Court of Criminal Appeals determined that these claims were procedurally defaulted due to Grace's failure to raise them during trial. As for the challenge to the trial court's refusal to provide jury instructions on corroboration, the respondents assert that to the extent Grace presents such claim in the context of a constitutional violation this claim is defaulted as he never raised a *constitutional* challenge to the jury instruction in the state courts.

    A procedural default bars consideration of the merits of a claim unless the petitioner can establish "cause" for the failure to follow the state's procedural rules and show

"prejudice" resulting from this failure. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wainwright v. Sykes*, 433 U.S. 72 (1977). However, even if the petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a habeas petitioner's federal constitutional claim where the petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986). The miscarriage of justice exception allows federal courts to address procedurally defaulted claims if the petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496. In light of the foregoing, it is

     ORDERED that on or before August 23, 2005 the petitioner may file a response to the answer filed by the respondents addressing the procedural default arguments. Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. The petitioner is advised that at any time after August 23, 2005 the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require." Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

     The petitioner is instructed that when responding to the respondents' answer he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth

specific facts which demonstrate that the petitioner is entitled to relief on those grounds presented in the habeas corpus petition. If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When the petitioner attacks the respondents' answers by use of affidavits or other documents, the court will, at the proper time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is cautioned that in responding to the respondents' assertion that several of his claims for relief are procedurally defaulted he must state specific reasons why he failed to comply with the state's procedural rules or otherwise did not present or pursue these claims in state court either at the trial court level, on appeal or in available post-conviction proceedings. The petitioner is advised that the reasons presented must be legally sufficient and that the facts surrounding or relating to the reasons for the failure must be stated with specificity. Moreover, if the petitioner asserts that this court should address the procedurally defaulted claims under the fundamental miscarriage of justice exception, the petitioner must show specific reasons for the application of this exception.

### III. Claims Addressed by the State Courts

With respect to those claims which have been adjudicated on the merits by the state courts, 28 U.S.C. § 2254(d)(1) places new constraints on the power of a federal district court

to grant a state prisoner's application for habeas corpus relief. The statute allows this court to grant a writ of habeas corpus only "if the relevant state-court decision was either (1) '*contrary to* ... clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) '*involved an unreasonable application of* ... clearly established Federal law, as determined by the Supreme Court of the United States.' (Emphases added.)" *Williams v. Taylor*, 529 U.S. at 404-405, 120 S.Ct. at 1519. "Under § 2254(d)(1) and the *Williams* decision, [a federal court] can grant relief only if the state court decision denying relief is 'contrary to' clearly established federal law or is an 'unreasonable application' of federal law." *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). In the vast majority of cases, a federal district court will be faced with the contention that the state court unreasonably applied federal law.

> In determining whether the state court's decision is an unreasonable application of the law set out in [applicable] Supreme Court decisions, we need not decide whether we would have reached the same result as the state court if we had been deciding the issue in the first instance. Instead, we decide only whether the state court's decision of the issue is objectively unreasonably. *See Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under §2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th Cir. 2001)("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

*Wright v. Secretary for the Dept. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002). Additionally, the statute makes it clear that a federal court cannot grant relief with respect to claims adjudicated on the merits by the state courts "unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Thus, it is

ORDERED that on or before August 23, 2005 the petitioner may file a response addressing the denial of various claims by the state courts.

Done this 8th day of August, 2005.

          /s/Charles S. Coody  
CHARLES S. COODY  
CHIEF UNITED STATES MAGISTRATE JUDGE