**STATE OF ALABAMA**
Department of Corrections
Inmate Stationery

In The District Of The United States
For The Middle District Of Alabama
Southern Division

Johnny C. Grace Jr
  Petitioner
    -V-
J.C. Giles, et al,                    CC# 1:05-CV-634-F
  Respondents

Petitioner's Responses

Petitioner avers that the one year period of limitation has not expired prior to said petitioner filing his 2254 petition, petitioner has (1) one year to file this action after filing all other actions in state court. The way that the state is attempting to toll the time for this action boarder on criminal petitioner limited understanding of the Alabama Rules of Appellate Procedure is that there is a (1) one year time period to file said 2254 petition after said petitioners last motion in state court has been denied. Petitioner further th states that all his motions were properly filed and on time; further petitioner states that it would be a miscarriage of justice to allow the state to claim barr of Statute of limitations there is no way that petitioner or anyone else for that matter be able to file a 2255 petition under the time constains that the state

(1)

**STATE OF ALABAMA**
Department of Corrections
Inmate Stationery

is using on this petitioner

II. Ineffective Assistances Of Trial & Appellant Counsel on all points raised by Petitioner
Petitioner avers that if trial counsel and appellant counsel had properly defended and argued his case all valid issues would have been preroe for review. Counsel should be well aware of the law in handling such a complex case such as petitioner. Petitioner claims are not procedurally defaulted for this court's review nor are they meritless. Petitioner should be given some le-way in filing this petition and not heald to such high standards as the attorney general. Petitioner avers that the law is clear on this point a petitioner may proceed to federal court when it is apparrent that the state courts are acting outside the law that is set and standards and that petitioner will not get a favorable review or ruling petitioner may then proceed without review at every level.

III. Petitioner double jeopardy claim should not be procedurally defaulted, in petitioner Rule 32 post-conviction motion said issue was not ajudicated on the merits and there fore the state gave up it right to here said issued or it should have order petitioner to file proper belief motion which would

(2)

**STATE OF ALABAMA**
Department of Corrections
Inmate Stationery

have been less costly and time consuming. Petitioners double jeopardy claim should be heard because it is a fifth amendment violation of the constitution of the United States. In The Alabama Supreme court in McKinney v. State 511 So 2d 220, 225 (1982), quoting R. Owens. Alabama's Minority Status: A single criminal act injuring multiple persons constitues [Only] a single offense, 16 Cum. Law. Review 85, 104-107 (1985-86) held that "legistative intent to allow multiple procutions for a ~~snugal~~ single act that injures more than one person is determined by the description of the unit of prosecution within the substantive criminal law statutes, how then should the unit of prosecution be described so that and intent to allow multiple convictions is clear and unequivocal? Instead of using the word "any" to describe the unit of prosecution, the singular word "a" or "another" should be used. An examination, then, should be made of the Alabama Criminal Code to see how the unit of prosecution is described. This examination will disclose whether the code allows multiple convictions. The second category allows multiple convictions. The second category contains statutes in which the unit of prosecution is described with the word "any" based on the above mode of statutory construction, only one conviction should be allowed." Emphasis added.
Defendant was convicted of two counts

(3)

**STATE OF ALABAMA**
Department of Corrections
*Inmate Stationery*

of Ala. code (1975) Sec. 13A-8-41(A)(1) that incorporates as an element there of Ala code (1975) Sec. 13A-8-43. The unit of prosecution of same is clearly defined as "any" The Alabama Court of Criminal Appeals Recently held in Jimmy Dake-v- State 625 So 2d 1365 applied this before mention unit of prosecution test in vacating three of four convictions as violating the double jeopardy clause where the unit of prosecution in the examined statute was defined as (any).

IV. Again petitioner claims ineffective assistant of counsel as he does to all his claim, trial counsel failed to preserve this issue for review as he and appellant counsel failed petitioner, in petitioners Batson motion petitioner must ask the question "Why" were blacks being struke at all why not all whites, why were the prosecutions first strike used against blacks this court is well aware that there is un-clecked Racism and discrimination in the land as well as the court system specially when there is black on white crime such as this one, if the state is allowed to claim procedural bar what over ave. will petitioner have to pesues his claims

V. Petitioner will allow the record to speak for itself, and petitioners prays that this court will do one of two things allow petitioner to go back to the lower courts so that the merits of said case can be properly ajudicated



**STATE OF ALABAMA**
Department of Corrections
Inmate Stationery

in the proper court.

## Conclusion

Petitioner prays that this honorable court grant said petitioner Relief so that he may properly present his case before the court

I affirm that a true and correct copy was mail by first class mail on August 22, 05.

(5)