IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY C. GRACE, JR., #227106, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 1:05-CV-634-F |
| | ) |
| J. C. GILES, et al., | ) |
| | ) |
|     Respondents. | ) |

**O R D E R**

Upon review of the response filed by the petitioner on August 24, 2005 (Court Doc. No. 11), and for good cause, it is

ORDERED that on or before September 14, 2005 the respondents shall file a supplemental answer which addresses the petitioner's argument that ineffective assistance of trial and appellate counsel establish cause for his procedural defaults. In filing their response to this order, the respondents shall advise whether Grace's claims of ineffective assistance of counsel have ever been presented to the state courts. If the petitioner has not raised his claims of ineffective assistance of trial and appellate counsel in the state courts and has no available state court remedy wherein he may present such claims, **the respondents shall address the effect Grace's failure to raise the ineffectiveness claim in state court has on the pending federal petition**. *See Teague v. Lane*, 489 U.S. 288 (1989); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.), *cert denied*, 531 U.S. 1017 (2000). Moreover, if the petitioner did properly exhaust these claims in the state courts, the respondents must furnish the court with the decision(s) of the state courts on these issues. *See Williams v. Taylor,* 529 U.S. 362, 403,

404-405, 120 S.Ct. 1495, 1518, 1519 (2000) (In sum, section 2254(d)(1) places new constraints on the power of a federal court to grant a state prisoner's application for habeas corpus relief with respect to those claims adjudicated on the merits in state court. Specifically, the statute allows this court to grant a writ of habeas corpus only "if the relevant state-court decision was either (1) '*contrary to* ... clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) '*involved an unreasonable application of* ... clearly established Federal law, as determined by the Supreme Court of the United States.' (Emphases added.)"). The statute likewise makes it clear that a federal court cannot grant relief with respect to claims adjudicated on the merits by the state courts "unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Thus, if the respondents contend that this court is precluded from granting habeas relief because the ineffective assistance of counsel claims raised by the petitioner have been properly raised in and adjudicated by the state courts in accordance with clearly established Supreme Court precedent, the respondents must identify to this court the Supreme Court authority on which the state court relied in adjudicating petitioner's claims and the decision of the state court on each claim.

     Done this 31st day of August, 2005.

                                         /s/Charles S. Coody
                                     CHARLES S. COODY
                                     CHIEF UNITED STATES MAGISTRATE JUDGE