IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY C. GRACE, JR., #227106, | ) ) ) | |
| PETITIONER, | ) ) ) | |
| vs. | ) ) | CASE NO. 1:05-CV-634-F |
| J.C. GILES, et al., | ) ) ) | |
| RESPONDENTS. | ) | |

## SUPPLEMENTAL ANSWER OF RESPONDENTS

Come now the Respondents, by and through the Attorney General for the State of Alabama, and, in response to this Court's August 31, 2005 order, hereby respectfully submit this Supplemental Answer to the petition for writ of habeas corpus filed by Johnny C. Grace, Jr.

As in their initial Answer, the Respondents deny that Grace is entitled to any relief whatsoever under the federal writ of habeas corpus.

### PROCEDURAL BACKGROUND
### PERTINENT TO THIS SUPPLEMENTAL ANSWER

1. As this Court is aware, in their August 5, 2005 Answer to Grace's petition, the Respondents alleged that the petition was untimely filed under 28 U.S.C. § 2244 (d)(1), and that his claims were procedurally defaulted or meritless. In its August 8, 2005 order, this Court held that the petition was untimely, and

directed Grace to show cause why the petition should not be dismissed; it further allowed Grace to reply to the Respondents' remaining arguments against his petition. August 8, 2005 Order pp. 5, 7, 10. On August 24, 2005, Grace filed a "Petitioner's Response" wherein he argued that he was 28 U.S.C. § 2244 (d)(1) limitation period should not be applied to him because its application would be a "miscarriage of justice" and that "there is no way that petitioner or anyone else for that matter be able [sic] to file a 2255 [sic] petition under the time constraints that the state is using on this petitioner[.]" Response pp. 1-2. Grace also alleged that his trial counsel and appellate counsel were ineffective "on all points raised by petitioner" -- "that if trial counse [sic] and appellant counsel had properly defended and argued his case all valid issues would have been prerse [sic] for review." Response p. 2. To the extent that Grace makes specific assertions of ineffective assistance, he appears to allege that trial counsel and appellate counsel were ineffective in "fail[ing] to preserve" claims that Grace's convictions were prohibited by the Double Jeopardy Clause and that the State violated <u>Batson v. Kentucky</u>, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986) in selecting his jury. Response pp. 2-4. He does not allege that ineffective assistance of legal counsel led him to untimely file his habeas petition in this Court. Response pp. 1-5.

2. In its August 31, 2005 order, this Court ordered the Respondents to file the instant Supplement Answer to "addres[s] the petitioner's argument that ineffective assistance of trial and appellate counsel establish cause for his procedural defaults." August 31, 2005 Order p. 1.

## ARGUMENT

### GRACE'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS ARE, THEMSELVES, PROCEDURALLY DEFAULTED, AND CANNOT SERVE AS CAUSE TO EXCUSE HIS PROCEDURALLY DEFAULTED HABEAS CLAIMS.

3. While Grace now contends that both his trial counsel and appellate counsel was ineffective, he did not first present his ineffective assistance of counsel claims to the Alabama state courts on direct appeal or in post-conviction proceedings. Exs. 1B, 1F, 3A.[1] In the state courts, Grace did not challenge the performance of his trial or appellate counsel regarding the application of the Double Jeopardy Clause or <u>Batson</u> to his case, or, for that matter, on any other issue. <u>Id.</u> If Grace were to attempt to now raise these ineffective assistance claims in state court, they would be barred as stemming from a successive petition and as untimely. See <u>Ala.R.Crim.P.</u> 32.2 (b), (c).

4. As previously noted in the Respondent's August 5, 2005 Answer, the principles of comity and federalism -- as codified in 28 U.S.C. § 2254 (b)(1) --

---

[1] In this Supplemental Answer, references to exhibits are made to those previously filed in support of the Respondents' August 5, 2005 Answer.

3

prevent this Court from reviewing federal habeas claims unless the petitioner has first exhausted his remedies in the state court system. E.g., Henderson v. Campbell, 353 F. 3d 880, 897-898 (11th Cir. 2003); Smith v. Jones, 256 F. 3d 1135, 1140 (11th Cir. 2001); O'Sullivan v. Boerckel, 526 U.S. 838, 848, 119 S. Ct. 1728, 1734, 144 L. Ed. 2d 1 (1999).

5. In Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986), the Supreme Court held that, in order for a habeas petitioner to utilize an ineffective assistance of counsel claim to establish cause to excuse the procedural default of another claim, he must have first presented his ineffective assistance claim to the state courts as an independent claim. 477 U.S. at 488-89, 106 S. Ct. at 2646. Following Murray, in Edwards v. Carpenter, 529 U.S. 446, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000), the Supreme Court held that, unless a habeas petitioner could establish cause and prejudice to excuse his procedural default of his ineffective assistance claim, he was barred from using it to establish a basis for cause to excuse his procedural default of the underlying claim. 529 U.S. at 451-53, 120 S. Ct. at 1593-94. "[I]t was not until Edwards that the Supreme Court made it clear that the failure to properly exhaust the ineffective assistance of counsel claim actually resulted in a procedural default of the claim being asserted as cause, completely barring that claim from being used to excuse the procedural default of the underlying claim." Henderson, 353 F. 3d 880, 896 n. 22. The Supreme Court

"made clear that an ineffective assistance of counsel claim being used for cause to excuse a procedural default of another claim is not itself excepted from the doctrine of procedural default." Henderson, 353 F. 3d at 896. "The very principles of comity and federalism that underlie the exhaustion doctrine are equally undermined regardless of whether the procedurally defaulted claim is asserted as cause for a procedural default or is denominated as an independent ground for habeas relief." Henderson, 353 F. 3d at 897.

6. "[A] habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously." Bailey v. Nagle, 172 F. 3d 1299, 1304 n. 6 (11th Cir. 1999), citing Footman v. Singletary, 978 F. 2d 1207, 1211 (11th Cir. 1992). Because he did not first present his ineffective assistance claims to the state courts, Grace may not now raise these ineffective assistance claims -- even as a purported excuse for procedural default of the underlying claims -- unless he can show that the ineffective assistance claims themselves should be excused from default by showing cause for the default and actual prejudice. Edwards, 529 U.S. at 451, 120 S. Ct. at 1591; Murray, 477 U.S. at 496, 106 S. Ct. at 2649. "Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution. Edwards, 529 U.S. at 451, 120 S. Ct. at 1591. Grace has failed to demonstrate cause for the default, nor actual prejudice from the cause, for his

failure to raise these ineffective assistance of counsel claims. See Response pp. 1-5. Further, Grace has shown no miscarriage of justice resulting from this Court's refusal to consider his claims. Id.

7. As noted in the "Procedural Background Pertinent to Supplemental Answer" above, Grace does not allege that ineffective assistance of counsel somehow caused him to file his habeas petition outside of the one-year limitation period of 28 U.S.C. § 2244 (d)(1); rather, he seems to merely take issue with the propriety of the limitation period itself. August 24, 2005 Petitioner's Response pp. 1-2. Grace thus did not establish equitable tolling grounds to excuse the untimely filing of his habeas petition.

## CONCLUSION

For the foregoing reasons, and for those set forth in the Respondents' August 5, 2005 Answer, this Court should dismiss Grace's petition.

Respectfully submitted,

Troy King(KIN047)
Attorney General
By:


/s/Marc A. Starrett
Marc A. Starrett
Assistant Attorney General
ID #STARM1168

6

## CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of September, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

> Johnny C. Grace, Jr., AIS #227106
> Ventress Correctional Facility
> P.O. Box 767
> Clayton, Alabama 36016

> /s/Marc A. Starrett
> Marc A. Starrett (STARM1168)
> Office of the Attorney General
> Alabama State House
> 11 South Union
> Montgomery, AL  36130-0152
> Telephone:  (334) 242-7300
> Fax:  (334) 242-2848
> E-Mail:  MStarrett@AGO.State.Al.US

ADDRESS OF COUNSEL;

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300
219647/Grace
83287-001