IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY C. GRACE, JR., # 227106,   ) | |
| ) | |
| Petitioner,   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO.  1:05cv634-MEF |
| ) | (WO) |
| J.C. GILES, *et al.,*   ) | |
| ) | |
| Respondents.   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is now before the court on a petition for habeas corpus relief filed on June 27, 2005,[1] pursuant to 28 U.S.C. § 2254. In this petition, Grace challenges his convictions for robbery in the first degree (two counts) entered against him by the Circuit Court of Henry County, Alabama on October 17, 2002. On January 23, 2003, Grace was sentenced to a term of imprisonment of 99 years. These convictions became final by operation of law on April 15, 2004.

Pursuant to the orders of this court, the respondents answered and filed documents relevant to a disposition of the issues raised in this case. Upon review of the pleadings filed in this case, the court concludes that no evidentiary hearing is required and that the petition is due to be denied pursuant to 28 U.S.C. § 2244(d) in accordance with the provisions of Rule

---

[1] Although the instant habeas petition was not "filed" in this court until July 7, 2005, the account clerk certified the petitioner's *in forma pauperis* affidavit which was submitted simultaneously with the habeas petition on June 27, 2005. This date is the earliest date, therefore, on which Grace could have submitted these documents to prison officials for mailing. A pro se inmate's petition is deemed filed on the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). *See also Washington v. United States*, 243 F.3d 1299 (11th Cir. 2001). In light of the foregoing, the court concludes that June 27, 2005 should be considered the date of filing.

8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

It is clear from the evidentiary materials filed by the respondents that Grace's convictions became final in April 2004 – **after** the effective date of the one-year statute of limitations contained in 28 U.S.C. § 2244(d) which provides as follows:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, Grace must have filed his § 2254 petition within one year of his convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.  The respondents concede that Grace filed a post-conviction petition in the state courts which tolled the limitation period.  However, the respondents argue that even allowing a tolling of the limitation period during the pendency of Grace's Rule 32 petition, the limitation period expired prior to filing this federal habeas

petition.² Consequently, the respondents argue that the applicable limitation period expired prior to the filing of this petition, and, thus, the instant federal habeas petition is time-barred under 28 U.S.C. § 2244(d)(1)(A).

28 U.S.C. § 2244(d)(1) directs that the limitation period for filing a § 2254 petition begins to run on the date when the time for seeking direct review of a challenged conviction expires. Grace was convicted of two counts of robbery in the first degree in the Circuit Court of Henry County, Alabama on October 17, 2002. On January 23, 2003, Grace was sentenced to a term of imprisonment of ninety-nine (99) years. Grace filed a direct appeal with the Alabama Court of Criminal Appeals which affirmed his convictions and sentence on October 23, 2003. His application for rehearing was denied. Grace subsequently filed a petition for writ of certiorari with the Alabama Supreme Court which was denied. The Alabama Supreme Court issued the certificate of judgment affirming Grace's convictions on January 16, 2004. The petitioner failed to further appeal his conviction. "[T]he time during which a petition for certiorari is pending, or could have been filed, . . . is not to be subtracted from the running of time for 28 U.S.C. § 2244(d)(1) statute of limitations purposes." *Coates v. Byrd*, 211 F.3d 1225, 1227 (11th Cir. 2000). *See also*, RULES OF THE UNITED STATES SUPREME COURT Rule 13.1 (a petition for certiorari may only be filed to review a judgment

---

² Grace filed also a motion challenging restitution and motions seeking reconsideration of his sentence, seeking to have his sentences run concurrently with other sentences or be reduced for good behavior. The court concludes that these motions have no effect on the limitation period because these motions do not attack the constitutionality of the convictions or sentences as imposed. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction relief or other collateral review *with respect to the pertinent judgment* or claim is pending shall not be counted toward any period of limitation.") (emphasis added).

or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court). By operation of law, Grace's robbery convictions became final on April 15, 2004 – ninety (90) days after the Alabama Supreme Court affirmed Grace's convictions. Therefore, Grace had one year from that date – until April 15, 2005 – to file a federal habeas corpus petition, unless the court finds that the limitation period was tolled due to a pending state post-conviction application for relief.

"The time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). The record demonstrates that Grace filed his Rule 32 petition in state court on January 12, 2005. At that time, 271 days of the one-year limitation period had elapsed between the date his convictions became final and the filing of his Rule 32 petition in the Circuit Court of Henry County. Upon the filing of his Rule 32 petition, the limitation period was tolled while the petition remained pending in the state courts. The trial court denied this petition on February 4, 2005. Grace did not appeal this ruling and final resolution of this Rule 32 action in the state courts occurred forty-two (42) days after entry of the order denying the petition as this is the date upon which the petitioner's time to appeal expired. *See* ALA. R. APP. PR. 4(b)(1). Thus, Grace's Rule 32 petition remained pending in the state courts until March 18, 2005. At that time, 271 days of the limitation period had run and Grace had only 94 days remaining in the limitation period within which to file his federal habeas petition. The time allowed for Grace

to file a federal habeas petition expired on June 20, 2005.[3] Grace filed the instant habeas corpus petition on June 27, 2005. Under the circumstances of this case as outlined herein, the one-year limitation period of 28 U.S.C. § 2244(d)(1) expired before Grace filed his § 2254 petition.

On August 8, 2005, the court ordered Grace to show cause why his petition should not be dismissed pursuant to 28 U.S.C. § 2244(d) for his failure to file within the applicable one-year limitation period. In response to the court's order, Grace alleges that because he filed his federal petition within one year of the denial of his state actions, his § 2254 petition is therefore timely. This argument is without merit. Grace fails to acknowledge or take into consideration the stop-start provisions of § 2244 (d)(1) which require the court to consider any time during which no state action is pending. Thus, any time between the final date of conviction and the filing of a Rule 32 petition must be counted as expired time and deducted from the one year limitations period. The court did not count the time where Grace had a properly filed state collateral review petition pending. To the extent noted, the one-year statute of limitations was tolled by Grace's filings in the state court. Beyond that tolling, however, Grace offers no other basis for equitable tolling during this period. *See Sandvik v. United States*, 177 F.3d 1269 (11th Cir. 1999).

---

[3] The court notes that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000). However, there is nothing before the court which demonstrates the presence of "extraordinary circumstances" to warrant an "equitable tolling" of the limitation period.

Grace also argues that it would be a miscarriage of justice for the statute of limitation to bar his claim because "there is no way that petitioner or anyone else for that matter [to] be able to file a 2255 petition under the time contrains (sic) that the state is using on the petitioner." (Petitioner's Res. at 1-2). The petitioner fails to recognize the difference between state and federal procedural rules. While it is true that the State of Alabama has its' own limitation period for the filing of Rule 32 petitions, the AEDPA, which has been repeatedly upheld by the courts, prescribes a one-year period of limitation for a writ of habeas corpus in the federal courts.[4] Thus, the court finds that the one-year limitation period of 28 U.S.C. § 2244(d)(1) expired on June 20, 2005, before Grace filed his federal habeas petition. Because Grace did not file in this court until June 27, 2005, his petition is time-barred and this court may not address the merits. The court further concludes that the petitioner has failed to show cause why his petition should not be dismissed.

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that this case be dismissed pursuant to 28 U.S.C. § 2244(d). It is further the RECOMMENDATION of the Magistrate Judge that the costs of this proceeding be taxed against the petitioner. It is

ORDERED that the parties shall file any objections to the said Recommendation on or before **May 16, 2006.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or

---

[4] *See Goodman v. U.S.,* 151 F.3d 1335, 1337 (11th Cir. 1998); *See also Wilcox v. Fla. Dept. of Corrections*, 158 F.3d 1209 (11th Cir. (Fla.)).

general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of May, 2006.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE